IN THE MATTER OF THE ASSIGNMENT OF HOLT.

1. **Assignment:** TIME OF FILING CLAIM. A creditor who fails to file his claim with the assignee within three months after the first publication of the notice of assignment is not entitled to share *pro rata* in the dividends of the estate.

*Appeal from Johnson District Court.*

FRIDAY, DECEMBER 15.

THE notice of assignment was published first the 28th day of January, 1876. Notice was mailed to each creditor the 29th day of January, 1876. J. G. Abell filed a claim May 22d, 1876, and moved for an order that he be paid a *pro rata* share. Other creditors who had filed claims within three months from the date of first publication resisted said Abell's motion on the ground that his claim was filed more than three months after the date of first publication. The District Court sustained the motion. The other creditors appeal.

*Clark & Haddock, Baker & Ball, Finch & Matthews,* for appellants.

*Edmonds & Younkin,* for appellees.

ADAMS, J.—By section 2120 of the Code it is made the duty of the assignee, at the expiration of three months from the time of first publishing notice, to report and file with the clerk of the court a list, under oath, of all such creditors of the assignee as shall have claimed to be such, with a statement of their claims. By section 2121 it is provided that any person interested may appear within three months after filing such report and file with the clerk exceptions to the claim of any creditor. There is no provision requiring the assignee to make any other report within any specified time. On the other hand, it is provided by section 2122 that, if no exceptions are filed, the court shall order the assignee to make from time to time fair and equal dividends among the creditors, in proportion to their claims. It is evident that this may be done before the expiration of three months from the last publication, if publication be continued long enough, and we see no reason why the assets may not be exhausted before that time.

1. ASSIGN-
MENT: time
of filing claim.

It may be claimed that, conceding this to be so, the claimant who files his claim between the expiration of three months from the first publication and the expiration of three months from the last publication should share *pro rata* in such assets as are not exhausted. The answer to that is, that any one interested has three months to file exceptions to such claim after it has been reported by the assignee, and there is no provision as to when such report should be made. Those who file within three months from the first publication file in time to enable their claims to be embraced in the assignee's report, which must be made within a required time. Why should payment to them be delayed to enable others to share *pro rata* whose claims are not filed soon enough to be reported? Why, indeed, should a report be required before the claims are all in which are entitled to share *pro rata* in the first dividends?

If section 2126 stood alone we should be inclined to think that claims filed within three months from completed publication should participate in the first dividends; but we cannot

put this construction upon that section consistently with the other sections to which we have referred.

We think the District Court erred in sustaining the claimant's motion.

REVERSED.