McKINDLEY, GILCHRIST & Co. v. NOURSE, ASSIGNEE, ET AL.

1. **Assignment for Benefit of Creditors:** EXHIBITION OF CLAIM AGAINST ASSIGNEE: WHAT IS NOT: STATUTE OF LIMITATIONS: EQUITABLE RELIEF. A creditor of an insolvent, who does not exhibit his claim within three months from the time of giving the notice of assignment required by § 2119 of the Code, cannot participate in the dividends until after the payment in full of all claims presented within that time and allowed by the court. (Code, § 2126.) And where plaintiffs had sold to the insolvent certain goods, which passed into the assignee's possession, but plaintiffs gave him notice that as to such goods they rescinded the sale, and demanded the goods, and, the demand being refused, they replevied them, but were defeated on the trial, *held* that such demand and suit did not constitute an exhibition of their claim within the meaning of the last named section, and that a claim filed for the same demand eighteen months after the giving of notice of the assignment was not entitled to participate in the first distribution of assets, and that plaintiffs could not demand equitable relief under § 2421 of the Code—that section having sole relation to claims against estates of decedent.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 7.

B. W. MORRISON made a general assignment for the benefit of his creditors, and this is a contest as to the division of the assets between them. The court determined that plaintiffs were entitled to a share of the estate, and the defendants appeal.

*Nourse & Kauffman,* for assignee.

*Macy & Sweeney,* for appealing creditors.

*Wright, Cummins & Wright,* for appellees.

SEEVERS, J.—The assignment was made on the twenty-third day of May, 1883, and the assignee mailed to the creditors notices of the assignment on the twenty-fifth of said month, and also caused a notice to be published in the *Iowa State Register* for six consecutive weeks, and made a report of his doings to the court on the twenty-seventh day of August, 1883, the first publication being made on May 26, 1883. Among the property assigned, and which went into the possession of the assignee, were certain goods purchased by Morrison of the plaintiffs, and on May 26, 1883, plaintiffs notified the assignee that, as to such goods, they rescinded the sale and demanded immediate possession thereof. The assignee refused to surrender the goods, and plaintiffs commenced an action to recover the same. This action was tried in October, 1884, and judgment was rendered against plaintiffs. On August 10, 1883, plaintiffs filed with the assignee a claim against the estate, and therein gave credit for the goods taken in the action for replevin. Upon this claim they have been paid their *pro rata* share. On the first day of December, 1884, plaintiffs filed a claim against the estate for the amount for which credit had been given when their

previous claim was filed, the same being the value of the goods replevied, which the plaintiffs, in accordance with the judgment in the action of replevin, had paid the assignee.

This is the claim the payment of which is resisted. It does not distinctly appear, but we infer, that if no portion of this claim is paid the other creditors will not receive the full amount due them.

I. It will be observed that the claim under consideration was not filed within eighteen months after the first publication of notice by the assignee, and more than fifteen months had elapsed after the assignee made the report contemplated in section 2120 of the Code. It has been held that a claim so filed could not participate in the benefits of the assignment. *In re Holt*, 45 Iowa, 301. The appellees, however, contend that the commencement of the action of replevin, and the claim made in connection therewith, should be regarded as the exhibition of the claim required by section 2126 of the Code; the argument being that it is not required that claims should be filed with the assignee, but simply exhibited to him, to the end that he may be enabled to make the report required by statute. Conceding that the statute does not require the claim to be filed, but to be simply exhibited to the assignee, still it must be a claim against the estate; that is, it must be a claim or demand for a *pro rata* share of the proceeds of the estate, so that the assignee may make a proper report to the court for the purpose of forming a basis for the distribution of the estate. No such claim as this was exhibited to the assignee within the time required by law.

No demand was made on the assignee for payment. On the contrary, plaintiffs did not seek payment of the claim through the assignee or from the assignment. The validity of the assignment of the goods replevied was denied, and plaintiffs undertook to recover the whole value of the goods, instead of sharing with the other creditors. Having taken the chances, and, because of the choice made, failing to exhibit

or file the claim within the time required by law, plaintiffs must abide the consequences.

II. The appellees further contend that, because of the equitable circumstances, the relief asked should be granted, and the rule in relation to filing claims against the estates of decedents is invoked. Such rule is based on an express statute which gives the creditor relief if equitable circumstances entitling him thereto are shown. Code, § 2421. No such provision is found in the statute in relation to assignments for the benefit of creditors, but a positive bar is created thereby if the claim is not exhibited to or filed with the assignee or court within the time provided. Code, § 2126.

We are of the opinion that the circuit court erred in granting the plaintiffs the relief it did.

REVERSED.