WISEHART v. DIETZ.

67    121
140   672

1. **Practice in Supreme Court**: REVIEWING RULINGS ON CHALLENGES TO JURORS: PRINCIPLES STATED. When the trial court, by its ruling upon a challenge, compels a party to submit his cause to a juror who is prejudiced against him, he has good ground for complaint. But when the court *sustains* a challenge, and the adverse party goes to trial with a jury formed without his exhausting the peremptory challenges allowed him by the law, this court ought to be well satisfied that the challenge was sustained without any cause, in order to justify a reversal on that ground; and the record in this case (see opinion) does not show that the challenge complained of may not have been sustained for a sufficient cause.

2. **Contract**: COMMISSION FOR SALE OF LAND: DUTY OF OWNER TO MAKE CLEAR TITLE. Defendant employed plaintiff to negotiate a sale of real estate,—plaintiff to have for his services all realized over $25,000. He sold the real estate for $26,000, but a portion of it was incumbered by a lease which it took $300 to remove. *Held* that, in the absence of a special agreement in relation thereto, it was defendant's duty, at his own cost, to convey the property free of incumbrance, and that he could not insist that the $300 should be deducted from the plaintiff's $1,000;

and that the fact that the deeds were made containing this clause: "It is understood and intended merely to sell and convey the ground only, exclusive of improvements; and subject to the rights of the owners of the improvements therein,"—did not show an intention or understanding that plaintiff should discharge the said lease out of his share of the proceeds.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 7.

THIS is an action at law in which the plaintiff claims of the defendant a balance of $300, which he alleges is due him as compensation for effecting sales of certain real estate for the defendant. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*Gatch & Weaver* and *W. F. Conrad*, for appellant.

*Phillips & Day*, for appellee.

ROTHROCK, J.—I. The first assignment of error presented in argument is that the court erred in sustaining a challenge for cause interposed by the plaintiff to one of the persons called as jurors on the trial of the cause. The person challenged belonged to the regular panel, and, in answer to questions touching his competency as a juror, he stated that his son was married to the defendant's daughter. Objection was made to the challenge by the defendant, and the challenge was sustained. Other persons were afterwards called as talesmen, and neither party exercised his right of peremptory challenge to the full number allowed by law, and the jury so completed was accepted by the parties, and sworn to try the cause.

1. PRACTICE in supreme court: reviewing rulings on challenges to jurors: principles stated.

The grounds for challenges of jurors for cause are set forth in section 2772 of the Code. Sub-division 4 of that section provides that "consanguinity or affinity within the ninth degree to the party" shall be sufficient to support a challenge for cause. It is not claimed by counsel for appellee

that the juror in question was related to the defendant within the degree prescribed by the statute; and we cannot presume, in the absence of an express ruling made of record, that the court sustained the challenge upon this specific ground.    If such was the fact, it was plainly erroneous.    A juror may, however, be challenged for cause " when it appears the juror has formed or expressed an unqualified opinion on the merits of ·the controversy, or shows such a state of mind as will preclude him from rendering a just verdict."    Now, for aught that appears from the record before us, the court may have had sufficient reason for sustaining the challenge because of the state of mind of the juror, growing out of the fact that the defendant was the father of the juror's son's wife.    It does not appear what the questions were which were propounded to the juror.    The abstract merely states that, in answer to questions propounded to him by plaintiff, he stated that his son was married to defendant's daughter.    The question is quite different, when a challenge is sustained and another unobjectionable juror is substituted, from what it would be if a challenge for cause should be erroneously overruled.    The law aims to provide for parties litigant an honest, fair-minded and unprejudiced jury.    When the court, by its ruling upon a challenge, compels a party to submit his cause to a juror who is prejudiced against him, he has good ground for complaint.    On the other hand, when a party is provided · with twelve men to try his cause, and he fails to exercise the right of peremptory challenge to any of them, this court ought to be well satisfied that a challenge was sustained without any cause, in order to justify a reversal on that ground. In view of the relations existing between the families of the defendant and the juror, we think the defendant ought not to be allowed to claim prejudice because he· was not permitted to retain the juror as one of the triers of his cause.

II.    The defendant was the owner of valuable real estate in the city of Des Moines, which he desired to sell.    The

2. CONTRACT: plaintiff was engaged in the real estate business.
commission
for sale of    A contract was made between the parties, by
land : duty of
owner to    which the defendant authorized the plaintiff to
make clear
title.    sell the real estate, and plaintiff was to receive
as his commission for making the sale all that he could real-
ize from the property exceeding $25,000. In other words,
the defendant was to receive $25,000 for the property, and
the plaintiff was to have whatever he could make out of it
in excess of that amount. The plaintiff negotiated sales, all
at one time, but to different parties, and the aggregate amount
of the sales was $26,000. There were leases upon the prop-
erty, and the lessees had improved the same. All of these
leases had expired except that of one Garton, who was one
of the purchasers. Garton refused to complete his purchase
unless he was allowed to deduct $300 on account of his lease.
The question in the case is whether this $300 shall be
deducted from the plaintiff's commissions, or whether the
defendant shall pay it to the plaintiff. The defendant received
the full sum of $25,000, and plaintiff has received $700, by
the contract between the parties. When the defendant
authorized the plaintiff to make the sale, the defendant was
bound to deliver possession of the property clear of claims
for unexpired leases. The defendant claims, however, that
after the sales were negotiated it was agreed between the
parties that the plaintiff should adjust the claim of Garton
on account of the unexpired lease out of any excess over the
$25,000 for which he might sell the property. This alleged
subsequent agreement was denied by the plaintiff. The
court instructed the jury that, if they found that such sub-
sequent agreement was entered into, the plaintiff could not
recover. The jury was further instructed as follows: "(2)
If you fail to find that there was such subsequent agreement,
then the rights of the parties are to be measured by the one
first entered into between them. An agreement to sell, or
giving authority to another to sell, implies that complete
title and full possession will be given, unless it is agreed to

Wisehart v. Dietz.

the contrary. So that, if the agreement was that the plaintiff should have as compensation whatever he might realize for the property in excess of twenty-five thousand dollars, and nothing was said as to the incumbrances, then the defendant would be bound to remove the incumbrances. You are to enforce the mutual understanding of the parties, and, to arrive at that, you will take into consideration all the surrounding circumstances as known to the parties, and what was said between them, and say therefrom whether it was understood in the first agreement that the plaintiff was to be at the expense of removing the Garton lease. If not, and the rights of parties are to be measured by the first contract, then the plaintiff will be entitled to recover the three hundred dollars, with interest at six per cent from May 11, 1883."

Counsel for the defendants insist that this instruction is erroneous in directing the jury " that if the agreement was that the plaintiff should have as compensation whatever he might realize for the property in excess of twenty-five thousand dollars, and nothing was said as to the incumbrances, then the defendant would be bound to remove the incumbrances."

It is claimed that the question of incumbrances was discussed between the parties, and that the instruction is misleading, because it authorized the jury to find that nothing was said about incumbrances. Counsel has reference to what was said between the parties after the sales were negotiated, and at the time defendant claims the second contract was made. In the instruction above set out the court gives directions to the jury as to the rights of the parties under the first contract. We think the instruction was strictly correct.

III. The deeds made by the defendant to the purchasers of the property contained this clause: "It is understood and THE SAME. and intended merely to sell and convey the ground only, exclusive of improvements, and

subject to all the rights of the owners of the improvements thereon."

The court, at the request of the plaintiff, instructed the jury as follows: "The condition incorporated in the deed, that 'it is understood and intended merely to sell and convey the ground only, exclusive of improvements, and subject to all rights of the owners of the improvements thereon,' in no manner affects the leases, but simply preserves to the owners of the improvements their interest therein, and the right to remove them." The defendant claims that this clause was inserted in the deeds by an agreement between him and the plaintiff, and that its purpose was to release defendant from all incumbrances on the land, including the improvements and the right to remove them, and the right to compensation for unexpired leases. Whatever construction might be put upon this clause as between the grantor and grantees in the deeds, we think it is very clear that, as between the plaintiff and the defendant, in view of the evidence in the case, it should not be held as in any manner affecting the plaintiff's right to his commission. The clause does not refer to the matter then in controversy between the parties, that is, the Garton lease, and which of the parties should lose the $300, which he insisted should be deducted from what he had agreed to pay for the part purchased by him.

IV. It is contended that the verdict is not supported by the evidence. We do not think the point is well taken.

AFFIRMED.