## CONLEE LUMBER COMPANY v. MEYER.

1. **Assignment for Benefit of Creditors**: TIME OF FILING CLAIMS : SENDING BY MAIL. It is the duty of a person having a claim against one who has made an assignment to present his claim to the assignee within the time required by statute ; and if he intrusts it to the mails, he does so at his own risk ; and if it reaches the post-office of the assignee on the evening of the last day, but is not received by him until the next morning, it is too late, and he cannot claim relief on the ground of the negligence of the assignee in failing to take it from the office.

2. ——— : ——— : LIMIT : DUTY OF ASSIGNEE. A creditor who fails to file his claim with the assignee within three months after the first publication of the notice of assignment is not entitled to share *pro rata* in the dividends of the estate. ( *Assignment of Holt*, 45 Iowa, 301, *followed.*) And it is the duty of the assignee to resist an attempt to have such claim paid as if filed in time, even though no creditor files exceptions to it.

3. ——— : PROSECUTION OF BELATED CLAIM : EVIDENCE OF PUBLICATION OF NOTICE OF ASSIGNMENT. In the prosecution against an assignee of a claim which was resisted, because filed more than three months after the first publication of the notice of assignment, it appeared that the assignee had made and filed a report, as required by Code, section 2120, and the report showed that the notice had been duly published. *Held* that this was *prima-facie* evidence of that fact, and that the court would take judicial notice of it, without a formal tender of the report in evidence.

4. ——— : BELATED CLAIM : EQUITABLE RELIEF. Under section 2126 of the Code, equitable relief cannot be granted to a creditor who fails to file his claim with the assignee within three months after the first publication of the notice of assignment. ( *McKindley v. Nourse*, 67 Iowa, 121, *followed.*)

*Appeal from Scott Circuit Court.*—HON. NATHANIEL FRENCH, Judge.

FILED, MAY 11, 1888.

GEORGE OTT made an assignment for the benefit of his creditors on the twenty-seventh day of April, 1886, and on the same day his assignee qualified and gave

notice of the assignment. The Conlee Lumber Company was a creditor of Ott, but failed to place its claim in the hands of the assignee until July 28, 1886. It instituted this proceeding to obtain an order directing the assignee to treat its claim as though presented within the time required by law, and to make payment of dividends accordingly. The circuit court refused to grant the relief asked, and the company appeals.

*W. C. Putnam*, for appellant.

*Bills & Block*, for appellee.

ROBINSON, J.—I. It is first claimed by appellant that its proof of claim was received in Davenport, where the assignee resided, on the twenty-seventh day of July, 1886, and that, but for the neglect of the assignee, it would have been received by him on that date. This claim is based upon the fact that the proof was mailed at Oshkosh, Wis., on the twenty-sixth of that month, and, in the ordinary course of the mails, should have been received at the post-office in Davenport at seven o'clock in the evening of the next day, or a little later. The assignee did not call for his mail that evening, nor arrange for its delivery. Whether the proof was received at the Davenport office that evening is not shown, but it was received by the assignee at half-past seven o'clock of the next morning. The alleged negligence of the assignee consists in his failure to get his mail during the evening of the twenty-seventh. No doubt it was his duty to give to all creditors sufficient opportunity to present proof of their claims within the time allowed by statute. We think that duty was discharged if he was at his usual place of business during business hours, and received all proofs of claims presented to him during the time aforesaid. If a creditor desires payment of his claim he should present it, not to a postmaster or express agent, but to the assignee. If, instead of delivering the proof in person, he employs an agency for its transmittal, he does so at his own risk, and the failure of the agent to present the

*1. ASSIGNMENT for benefit of creditors : time of filing claims : sending by mail.*

Conlee Lumber Co. v. Meyer.

proof within the required time is his failure. *Ellison v. Lindsley*, 33 N. J. Eq. 258. We therefore conclude that the claim of negligence on the part of the assignee is not well founded.

II. It is next urged by appellant that the proof of its claim was in fact actually presented to the assignee in ample time to entitle it to share in the dividends of the estate under the provisions of law. Counsel for appellant make a very able and exhaustive argument in support of this position. It is not necessary, however, to consider the question raised at length. It was decided adversely to the position of appellant in *Assignment of Holt*, 45 Iowa, 301, and we are not disposed' at this time to question the correctness of that decision.

2. ——:——: limit : duty of assignee.

III. It is claimed that, since no creditor has filed any exceptions to the claim of appellant, and since none was filed by the appellee, no objection can now be made by the appellee to its allowance. We understand that the assignee, in making the report required by section 2120 of the Code, showed that the proof of appellant was filed after the expiration of three months from the time of first publishing his notice of the assignment. That was all he was required to do, so long as the justness of the claim itself was not questioned. It is the duty of the assignee to see that the estate intrusted to him is settled in accordance with law. He is required to pay in full all claims exhibited to him within three months from the first publication of the notice of assignment before he can pay anything on those exhibited after that time. It is, therefore, not only his privilege, but his duty, to resist a payment not authorized but forbidden by law.

THE SAME.

IV. It is said, on the part of appellant, that there is no proof that notice of the assignment was published for the time and in the manner required by statute. The proceeding of appellant is not founded on any claim that the notice was not so published, nor does appellant deny that the publication was sufficient.

3. ——: prosecution of belated claim: evidence of publication of notice of assignment.

In the absence of proof, we would be justified in presuming from the statements of appellant's motion that the publication was all that the law required. But the abstract shows that the assignee made report and proof of service of notice as required by section 2120 of the Code. That report shows that the notice was published as required by law. We do not understand that this is denied by appellant, but it is claimed that the report was not proven. When it was properly filed it became a part of the record in the assignment of Ott, and *prima-facie* evidence of the facts therein recited. It was not necessary under the facts of this case to make a formal tender of it in evidence. It was the duty of the circuit court to take judicial notice of its contents so far as relevant to the issues raised by the proceeding of appellant.

V. It is further claimed by appellant that it did not receive actual notice to present its claim to the assignee until the twenty-fifth day of July, 1886, and that the time then remaining in which to present the same was unreasonably short. It therefore insists that it is entitled in equity to the relief it asks. We doubt whether appellant has shown itself entitled to equitable relief. Two days remained after it received the notice in which to present its claim, even if all that is claimed for it be true. By the use of reasonable diligence the claim could have been presented to the assignee within that time. But however this may be, the right of appellant to the equitable relief asked is hardly an open question. We decided in *McKindley v. Nourse*, 67 Iowa, 121, that section 2126 of the Code is a positive bar to the granting of such relief.

4. ——: belated claim : equitable relief.

AFFIRMED.