### Loomis v. Griffin *et al.*

1.  **Assignment for Benefit of Creditors: CLAIM FILED TOO LATE.** Where the assets of the estate of an insolvent who has made an assignment for the benefit of creditors are not sufficient to pay the claims filed within the three months provided by statute for filing such claims, a creditor who files his claims after that time is not entitled to participate in the distribution of funds. (See opinion for authorities.)

2.  ———: **IDENTITY OF IN SEPARATE CASES: JUDICIAL NOTICE.** This court cannot take judicial notice of the fact, if it be a fact, that the assignment involved in this case is the same as that involved in *Loomis v. Stewart*, 75 Iowa, 388. (See opinion for authorities.)

3.  ———: **VALIDITY: DESCRIPTION OF PROPERTY.** The deed of assignment in question was of "all and singular, each and every article and thing owned by me in the nature of chattel property, not exempt from sale on execution, and each and every right and credit owned, held and belonging to me in my own right, and not exempt from execution." *Held* not invalid on the ground that it did not in terms refer to real estate, especially where it is not shown that the assignor had any such property; but that, until the contrary is shown, it must be presumed that it was designed to include all the property subject to execution which the assignor then owned. (Compare *Meeker v. Sanders*, 6 Iowa, 68.)

4.  ———: ———: **CONCESSION BY FILING CLAIM.** One who files a claim against an assignee for the benefit of creditors thereby concedes the validity of the assignment, and he cannot, in the same case, be heard to assert its invalidity for the purpose of claiming that, by reason thereof, his claim, though filed too late under the statute, should nevertheless be paid *pro rata* with those filed in time.

*Appeal from Delaware District Court.*—HON. JOHN J. NEY, Judge.

FILED, OCTOBER 15, 1889.

APPEAL from an order allowing a claim against the estate of R. F. Stewart, insolvent.

*J. B. Satterlee* and *Yoran & Arnold*, for appellants.

*Bronson, Carr & Le Roy*, for appellee.

ROBINSON, J.—On the twelfth day of October, 1887, R. F. Stewart executed an assignment, the parts of which, material for the purposes of this appeal, are as follows: "Know all men by these presents that, whereas, I, R. F. Stewart, * * * having become insolvent, and unable to wholly pay such indebtedness as has accrued against me, * * * and being desirous of so disposing of my property that the same may be used for the benefit of my creditors equally in proportion to the amount of my indebtedness to each of them, do hereby assign, transfer and set over to F.. S. Griffin * * * all and singular, each and every article and thing owned, held and controlled by me in the nature of chattel property not exempt from sale on execution, and each and every right and credit owned, held and belonging to me in my own right, and not exempt from execution, for the benefit of all my creditors equally, giving and granting unto my said assignee * * * full authority in the premises to act for me, and in my place and stead to sell and convert into money all and singular said property, according to law, and therefrom to pay to each and all of my creditors equally, according to their established dues, and in general to do and perform any and all acts now or hereafter by the statute in such case made and provided, and for the benefit of each and every of my creditors, ratably and in proportion to the amount of my dues to each." Griffin at once entered upon the duties of the assignment, and gave notice, and filed an inventory and report, as required by law in cases of general assignments for the benefit of creditors. The report contemplated by section 2120 of the Code was filed January 26, 1888. On the fifteenth day of the next November, A. R. Loomis filed in the office of the clerk of the district court of Delaware county a petition showing that Stewart was indebted to him when the assignment was made, and that such indebtedness had not been paid, and asking for an order directing the assignee to pay him a *pro rata* share of the proceeds of the property assigned to him by Stewart. The petition was entitled

as: "In the matter of the assignment of R. F. Stewart." The assignee refused to allow the claim, and on the next day after it was filed Thorpe Bros. & Co., creditors of Stewart, who had filed their claim within the time required by statute, filed exceptions to it. The exceptions were overruled, and an order granted directing the assignee to allow the claim. From that order the assignee and Thorpe Bros. & Co. appeal.

I. Appellants contend that the court erred in ordering the payment of the claim in controversy, for the reason that it was not filed within the three months required by law; and it appears that the funds of the estate available to pay creditors are not sufficient to satisfy the claims filed within that time. If the assignment in controversy is valid under the statute, the position of appellants is well taken. *Conlee Lumber Co. v. Meyer*, 74 Iowa, 403; *McKindley v. Nourse*, 67 Iowa, 119; *In re Holt*, 45 Iowa, 301. Appellee does not question the sufficiency of the notice of assignment, nor does he claim to have filed his claim within the time required by law in cases of general assignments for the benefit of creditors; but he insists that the assignment in question is not a general assignment under the statute, and that this court so held in the case of *Loomis v. Stewart*, 75 Iowa, 388. It was admitted for the purposes of that case that the assignor owned certain real estate not included in the assignment. But the admission was made only for the purpose of argument, to show that the assignment was valid at common law, even if it did not convey real estate then owned by the assignor. The effect of the assignment, considered apart from the facts in that case, was neither considered nor determined. If the contrary were true, that fact would not aid appellee, for the reason that it is not in any manner shown that the assignment considered in that case was the same as the one involved in this. No claim of that kind is made in the record, as shown by the abstract. The cases are not the same; and if it be true that both involve the same

1. ASSIGNMENT for benefit of creditors: claim filed too late.

2. ——: identity of in separate cases: judicial notice.

assignment, we cannot take judicial notice of the fact. *Enix v. Miller*, 54 Iowa, 551; *Baker v. Mygatt*, 14 Iowa, 131. While the assignment in question does not refer to real estate in terms, yet it was evidently

3. ——: validity: description of property. designed to be a general assignment for the benefit of creditors under the statute, and until the contrary appear we must presume that it was designed to include all the property subject to execution which the assignor then owned. *Meeker v. Sanders*, 6 Iowa, 68. There is nothing in the record which tends to show that Stewart owned real estate when the assignment was made, nor that it was not designed to convey all the property subject to execution which he then owned.

II. The record justifies the conclusion that Stewart intended to make an assignment for the benefit of cred-

4. ——: ——: concession by filing claim. itors under the provisions of the statute, and that his assignee has been governed by those provisions in what he has done by virtue of the assignment. Appellee has recognized the assignment by filing his claim and asking for the order which was granted by the district court. It is true that his petition designates the assignment as a partial or common-law assignment, but his proceeding was not in the nature of a proceeding in equity to enforce a trust, but rather one under the statute to obtain the benefit of its provisions regulating general assignments. We do not think he can be permitted to adopt those provisions which are favorable to him and reject the remaining ones. *May v. Wannemacher*, 111 Mass. 207; *Littlejohn v. Turner*, 73 Wis. 113; *Ansonia Brass, etc., Co. v. Babbitt*, 74 N. Y. 403; Burrill, Assignm., sec. 289. Having invoked the aid of the statute, appellee is entitled to relief only according to its provisions. It appears that the funds available to pay creditors are not sufficient to satisfy such claims as were filed within three months from the time due notice was given by the assignee. The claim of appellee not having been filed within that time, he is not entitled to share in the dividends. The order of the district court is

REVERSED.