CARTER & DARROW, Appellees, v. A. J. LEE, Assignee, Appellant.

General Assignment for Benefit of Creditors: FILING OF CLAIMS. The period allowed under Code, sections 2119, 2126, for the filing of claims against insolvent estates cannot be extended in favor of a creditor to whom no notice of the debtor's assignment was mailed, as required by the first of said sections, for the reason that the assignee had no information of the indebtedness to such creditor.

*Appeal from Polk District Court.*—HON. CHARLES A. BISHOP, Judge.

THURSDAY, JANUARY 29, 1891.

THE plaintiffs are creditors of a mercantile partnership named "Gus Smith & Co." The said partnership made an assignment of the partnership property to the appellant for the benefit of creditors. The plaintiffs did not file their claim as creditors within three months of the first publication of the notice of the assignment, and they commenced this proceeding to compel an allowance of their claim, and for a distributive share of the proceeds of the property the same as other creditors. An order was made in the court below in favor of the plaintiffs, and the assignee appeals.—*Reversed.*

*Bancroft & Bowen,* for appellant.

*Mitchell & Dudley,* for appellees.

ROTHROCK, J.—The assignment was made by Gus Smith & Co. on the thirty-first day of October, 1888. The assignee caused notice of the assignment, and of his appointment, to be published as required by law. The first publication of the notice was on the tenth day of November, 1888. The plaintiffs were then, and are now, residents of the state of New York, and they had no actual notice of the assignment until more than three months after the first publication of the notice. The account books of Gus Smith & Co. did not show that Carter & Darrow were creditors of said firm, and the said assignee had no knowledge that they were creditors, and did not, therefore, notify them of the assignment by mail. The claim of Carter & Darrow consisted of two acceptances which did not become due until December 25, 1888, and January 4, 1889, respectively. On the twelfth day of February, 1889, the assignee filed with the clerk of the court a report of all claims filed with him against the said firm of Gus Smith & Co., as required by law. On the first day of July, 1889, an order was entered in said proceedings in assignment, directing the assignee to pay forty per cent. on the claims filed within three months from the date of the first publication of

notice. A final report was made by the assignee, and it was ordered that he be discharged upon paying a final dividend of three and one-eighth *per cent.* to the creditors. The application of Carter & Darrow, to be allowed to share in the proceeds, was filed on the sixteenth day of July, 1889, but before the payment of the final dividend of three and one-eighth per cent. The assignee has sufficient money in his hands to pay the same dividend to plaintiffs as he did to other creditors, but, if such payment be made to the plaintiffs, it will decrease the amount of the dividend to the other creditors. The above are the material facts in the case. They are not in dispute, but were agreed upon by the parties.

The question for determination is, are the plaintiffs entitled, under the law, to share in the distribution of the proceeds of the property of the insolvent partnership the same as the creditors who filed their claims within three months from the date of the first publication of the notice of the assignment? Section 2119 of the Code is as follows: "The assignee shall forthwith give notice of such assignment by publication in some newspaper in the county, if any; and, if none, then in the nearest county thereto, which publication shall be continued at least six weeks, and shall also forthwith send a notice by mail, to each creditor of whom he shall be informed, directed to their usual place of residence, and notify the creditors to present their claims, under oath, to him within three months thereafter." And by section 2126 it is provided that "all creditors who shall not exhibit their claim within the term of three months from the publication of notice, as aforesaid, shall not participate in the dividends until after the payment in full of all claims presented within said term, and allowed by the court." It is claimed by counsel for appellee that, notwithstanding this positive provision of the statute, the claim of the plaintiffs was properly allowed, because they were not notified of the assignment by mail. It cannot fairly be claimed that the

assignee neglected any duty in failing to give notice to the appellees by mail. The law requires him to give the notice to "each creditor of whom he shall be informed." He not only had no knowledge that plaintiffs were creditors, but there was nothing in the books of the firm, nor in the assignment, from which he could acquire that knowledge, and, by section 2126 of the Code, the plaintiffs were required to file their claims within three months from the first publication of notice, and not within three months from a notice sent to them by mail. It was held in the case of *McKindley v. Nourse*, 67 Iowa, 121, and in *Lumber Co. v. Meyer*, 74 Iowa, 403, that a failure to file or present the claim to the assignee within three months from the first publication of the notice is a positive bar to its allowance as a claim on an equality with creditors who present their claims within that time, and that the statute does not authorize the construction that the time may be extended by reason of equitable considerations. There is no saving clause in section 2126 to the effect that the time may be extended as to those creditors who do not receive notice by mail. And we may say that one of the acceptances became due in about a month and a half after the first publication was made, and if appellees had been solicitous about payment, and had used any diligence, they would have ascertained long before the expiration of the three months that an assignment had been made for the benefit of the creditors.

The judgment and order of the district court are REVERSED.