JAMES SCOTT & SONS v. W. F. THOMAS, Assignee of THE SIOUX CITY DRY GOODS COMPANY, *et al.,* Appellants.

Notice by Assignee: PRIORITY: ESTOPPEL. Code, 2119, 2126, allow creditors three months from the *first publication* of notice of assignment, wherein to file claims. Eighteen days after such publication, the assignee mailed a notice to certain creditors, stating that claims should be filed within three months of the first publication *"of this notice."* Nothing occurred to put these creditors on inquiry as to whether another notice had been published earlier, and assuming that there had not been, they filed claims within three months but later than three months from the publication of the actual first notice. *Held,* while the three months run from the time the notice is published and not from the time at which notice is mailed to creditors, yet the assignee and the other creditors are estopped from claiming a preference in the first dividend.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

SATURDAY, APRIL 6, 1895.

This is a controversy between creditors, as to their respective priorities to the funds of the Sioux City Dry-Goods Company, now in the hands of W. F. Thomas, assignee. The lower court held that plaintiffs were entitled to share with the other creditors who had filed their claims within the three months provided by the statute, and the assignee and other creditors appeal.— *Affirmed.*

*Spalding, Taylor & Burgess* for appellants.

*Wright, Hubbard & Bevington* for appellees.

Deemer, J.—On the twenty-sixth day of April, 1893, the Sioux City Dry-Goods Company, a corporation doing business at Sioux City, Iowa, made an assignment for the benefit of its creditors to W. F. Thomas, as assignee. This assignee accepted the trust, and on the twenty-eighth day of April, 1893, signed a notice of the assignment, notifying all creditors that they were required to file their claims against the company within the three months from date. This notice was published in the *Sioux City Daily Journal;* the first publication being on the twenty-ninth day of April, 1893. Afterward, and on the seventeenth day of May, 1893, the assignee issued another notice, of which the following is a copy: "Notice of Assignment. In the District Court of Iowa in and for Woodbury County. In the Matter of the Assignment of the Sioux City Dry-Goods Company for the Benefit of its Creditors. To Whom it may Concern: Notice is hereby given that on the twenty-sixth day of April, 1893, the Sioux City Dry-Goods Company, a corporation organized under and by virtue of the laws of Iowa, and doing business at Sioux City, Woodbury county, Iowa, made to me, the undersigned, an assignment of all its property, real and personal, for the benefit of all its creditors, under and in accordance with the statutes of the state of Iowa. All persons in any manner indebted to said company will settle with me. All creditors of said company are required to present their claims to me, under oath, within three months of the first publication of this notice. Dated at Sioux City, Iowa, May 17, 1893. W. F. Thomas, Assignee Sioux City Dry-Goods Co." This last notice was sent by the assignee to the appellees. This was the only notice given by him, and was the only notice plaintiffs had, except as may be inferred by law, of the time when they should file their claim.

Pursuant to this notice, appellees filed with the assignee a verified statement of their claim against the dry-goods company on August 16, 1893. The other creditors, who had filed their claims within the three months after the first publication of notice, objected to appellees sharing with them, or to their being paid anything until all who had filed their claims within the three months aforesaid should be fully satisfied. Appellees, in answer to these objections, insisted that they filed their claim in time, and that, if it was not filed within the statutory period, they were misled and deceived by the assignee as to the time when they should present their claim, and fully believed that no notice had been published prior to May 17, 1893, and that they were led to believe from the notice sent them that they would have three months from the date of this last notice within which to display their claim. It was held by the district court that the assignee and the other creditors were estopped from insisting that the claim was not filed in time. Two questions are presented by this appeal: *First,* when does the bar begin to run which is provided by the statute hereafter quoted? And, *second,* assuming that the claim is barred under the statute, are the other creditors and the assignee estopped from insisting upon it?

Code, section 2119, is as follows: "The assignee shall forthwith give notice of such assignment by publication in some newspaper in the county if any, * * * which publication shall be continued at least six weeks; and shall also forthwith send a notice by mail to each creditor of whom he shall be informed, directed to their usual place of residence, and notifying the creditors to present their claims under oath to him within three months thereafter." It is further provided by section 2126: "* * * And all creditors who shall not exhibit their claims within the term of three months

from the publication of notice aforesaid shall not participate in the dividends until after the payment of all claims presented within said term, and allowed by the court." Section 2120 requires the assignee, at the expiration of three months from the time of publishing notice, to make a report, and file with the clerk of the court a true and full list, under oath, of all such creditors of the assignor as have claimed to be such, with a statement of their claims, and also an affidavit of publication of notice, and a list of the creditors, with their places of residence, to whom notice has been sent by mail, and the date of the mailing, duly verified. Section 2121 provides that "any person interested may appear within three months after filing such report and file with the clerk any exceptions to the claim or demand of any creditor. * * *" Reading all these provisions together, it seems quite plain that those creditors who file their claims within three months after the first publication of notice are to be preferred to those who file after that time. True, the statutes relied upon (sections 2119, 2126), if read apart from the other provisions of the chapter, may seem ambiguous, and susceptible of the construction placed upon them by the appellees; yet, when read with the other statutes referred to, it seems to us clear that the limitation created by section 2126 commences to run three months from the first publication of notice. If appellees' contention be correct, it would be difficult to tell who of the creditors are to be preferred. And the court, before ordering the payment of any dividends, would be compelled to enter into a long and tedious investigation to determine what information the assignee had given to the creditors,—whether he mailed each a notice forthwith,—and many other matters which, it seems to us, the legislature did not contemplate. Again, appellees' construction of these

statutes, if adopted, would practically nullify sections 2120 and 2121 of the Code, and surround the whole matter of the administration of insolvents' estates in so much doubt and perplexity that we ought to hesitate long before announcing it. The other rule is a plain one. It fixes a definite and certain time of which all may know by the exercise of reasonable diligence, and leads to the speedy settlement of these estates. In the case of *Carter v. Lee*, 82 Iowa, 26, we held that the period allowed for filing claims cannot be extended because the creditor was not notified of the assignment by mail. And in this case it is said: "By section 2126 of the Code, the plaintiffs were required to file their claims within three months from the first publication of notice, and not within three months from notice sent them by mail." *In re Assignment of Holt*, 45 Iowa, 301, we held that "a creditor who fails to file his claim with the assignee within three months after the first publication of notice of the assignment is not entitled to share *pro rata* in the dividends of the estate." Much of the argument used in this opinion is applicable here. The case of *Lumber Co. v. Meyer*, 74 Iowa, 403, follows and reaffirms the *Holt Case*. In *McKindley v. Nourse*, 67 Iowa, 118, it is said that the bar is an absolute one, and that the court cannot extend it because of equitable circumstances. No doubt, these various opinions led to the adoption by the last legislature of an act granting an extension of the time, not exceeding nine months, when peculiar circumstances entitle the claimant to equitable relief. See chapter 93, Acts Twenty-fifth General Assembly, which, we may say, went into force after this case was tried. We think the period fixed by statute commences to run with the first newspaper publication.

II. The notice of date May 17, 1893, above set forth, directed appellees to exhibit their claims to the

assignee "within three months of the first publication of this notice." Manifestly, this "notice" referred to is the one mailed to the creditors, and it is very natural to conclude that a publication concurrent with or subsequent to the date affixed is the one referred to. It is hardly just to assume that any one would believe that a notice published nearly a month prior was the one referred to. But, be this as it may, it is shown beyond dispute that the appellees believed that the publication referred to was one of date not earlier than May 17th, and were led to delay filing their claim until near the expiration of ninety days from May 17, 1893. And we think they were fully warranted in placing this construction upon the paper sent them. The question then arises, is the assignee, and are all the other creditors, estopped from claiming that the appellees did not present their claim in time? It is obvious that the assignee is estopped from so claiming, because he cannot be allowed to so take advantage of his own wrong. And it seems to us that the other creditors are also precluded from insisting upon a strict enforcement of this statute. The assignee acts in a dual capacity. He not only represents the assignor, but, as to certain matters and to a limited extent, the other creditors as well. In publishing and mailing the notices he was acting for the creditors, and the appellants in this case are claiming an advantage from an act done by him as their representative. By virtue of his act are the appellants enabled to say that appellees shall not share with them in the first dividend. Now, it is made the duty of the assignee to mail notices to all the creditors of whom he shall be informed, notifying them to present their claims within three months after the first publication of notice. Having given such notice, and having fixed the time within which claims may be filed, it necessarily follows, we think,

that the creditors to whom the notice is sent may rely thereon, and, if misled thereby, those who are insisting upon the strict letter of the statute ought to suffer, rather than one who had the right to rely upon an act done by their representative. We do not think the appellees were negligent in not inquiring further as to the time they had for exhibiting their claims; for, if it be once conceded that they had the right to rely upon the notice, then they were not negligent in failing to look further, unless something thereafter occurred to put them upon inquiry. And, as nothing of the kind appears in this case, we think their reliance upon the notice sent them is justified. The district court correctly held that appellants were estopped from insisting upon the statute, and the judgment and the order are *affirmed*.