## Leo Rassieur v. Robert E. Jenkins, Assignee.

1. ASSIGNMENT FOR THE BENEFIT OF CREDITORS—*Claims to be Filed Within Three Months.*—Under the provisions of section 10 of the act concerning voluntary assignments, the failure of a creditor of an insolvent estate to exhibit his demand to the assignee within three months from the publication of notice to present claims, will exclude him from participating in the dividends until after the payment in full of all claims presented within that time and allowed by the County Court.

**Proceedings Under the act Relating to Voluntary Assignments.**— Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

JOHN H. HILL, attorney for appellant.

OTIS & GRAVES, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order of the County Court of Cook County, disallowing an additional claim filed by the appellant against the Consolidated Ice Machine Company, insolvent, until all claims against said estate, presented within three months after the publication by the assignee of the notice to present claims against said estate were paid in full, and denying the petition of said appellant to stay any dividend to such creditors of said estate until the further order of the court.

The Consolidated Ice Machine Company made a general assignment for the benefit of creditors to Robert E. Jenkins, assignee, on October 14, 1890. Notice to present claims against the insolvent estate, as required by the statute, was published in the year 1892. The additional claim of the appellant, Leo Rassieur, was filed with said assignee on April 22, 1895, and by the assignee filed in the County Court of Cook County on September 19, 1895. The said claim, as declared by the claimant, was for the liability of

the claimant on account of his having entered into certain bonds as surety for said Consolidated Ice Machine Company, in and by which said bonds the claimant, as surety, was bound to protect various parties against any and all suits of infringement of letters patent, and from any damages that might be incurred or result from such suits, which might arise on account of the use by said parties of the ice machine manufactured or sold by the said Consolidated Ice Machine Company to various parties.

On the same date that the assignee filed the said claim in the County Court, to wit, September 19, 1895, said assignee also filed his report and account therein, which showed a balance of cash on hand amounting to $57,209.98, with other uncollected assets estimated at $10,000. It being proposed to make another dividend among the creditors on the claims already allowed by the court, the appellant filed a petition in the County Court on November 30, 1895, *nunc pro tunc* as of October 8, 1895, setting forth the fact of his having filed his claim and the nature of said claim, and also reciting that in a recent decision the United States Circuit Court for the Northern District of Illinois had decided that the patent used by the Consolidated Ice Machine Company in the manufacture of their ice machines was an infringement of letters patent owned by the De La Vergne Refrigerating Machine Company, in a suit brought by the latter company for that purpose. The petition also set forth that while it was impossible for the petitioner Rassieur to state definitely the amount of damages which he would be obliged to pay on account of having become surety on the bonds referred to, in order to protect the purchasers of the machines manufactured and sold by the Consolidated Ice Machine Company, if such decision should be affirmed by the court of last resort, yet he believed that such damages would probably reach the sum of fifty thousand dollars. For the purpose of protecting himself against such loss the petitioner asked that no further dividends be declared until the rights and liabilities of the claimant on account of his suretyship on such bonds had been determined.

A hearing was had upon the claim. and petition of appellant, and on January 9, 1896, the court denied the prayer of the petition to stay the payment of the dividends until the rights of the said Rassieur had been determined, and also disallowned his claim, and denied him the right to participate in the dividends of said estate until all the claims presented to and filed within three months after the first publication of said assignee to present claims against said estate were paid in full.

We are unable to find that the petition so filed by appellant names the said De La Vergne Company as one to whom it was liable on any bond.

By section 2 of the act concerning voluntary assignments, the assignee is required to give notice by publication and otherwise to all creditors to present their claims to him under oath within three months thereafter, and by section 10 of said statute it is provided:

"All creditors who shall not exhibit his, her or their claim within the term of three months from the publication of notice as aforesaid, shall not participate in the dividends until after the payment in full of all claims presented within said term and allowed by the County Court."

The contention of appellant is that such provision of the statute applies only to claims which are due, and does not act as a bar to contingent claims which are not and do not become due within the period limited, and he places reliance upon the case of Suppiger v. Gruaz, 137 Ill. 216, to support his contention.

It would seem that as to the particular question raised by the appellant, the decision in Suppiger v. Gruaz has been disapproved of by Snydacker v. Swan Land Co., 154 Ill. 220.

At all events, we feel constrained to follow the last case, and hold that appellant was too late.

The judgment of the County Court is affirmed.