## H. B. Claflin Company v. Charles B. Kelley.

1. ASSIGNMENTS—*For the Benefit of Creditors—Filing Claims.*—The fact that a claim is in litigation during the time for filing claims with an assignee under the act relating to voluntary assignments is no excuse for not presenting it to the assignee.

2. SAME—*Claims Filed After Three Months.*—A claim not filed within the three months allowed for filing claims under the assignment act, can not share *pro rata* in the assets and no equitable consideration can entitle the claimant to relief.

3. SAME—*When the Assignee is Personally Liable.*—If an assignee by fraudulent means prevents a creditor from filing his claim within the three months, such conduct does not extend the time for filing claims, but may render the assignee personally liable.

**Voluntary Assignments.**—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

### STATEMENT OF THE CASE.

During the winter and spring of 1893 the Imperial Hotel Company purchased certain ground near the north end of Jackson Park in Chicago, and erected thereon a building and called it the Windermere Hotel; before the completion of said building it contracted with appellant for a large amount of goods for furnishing said hotel ready for use during the World's Fair; the goods were shipped and some of them began to arrive before the 20th day of May, 1893, but before all of the goods were delivered, A. C. Mills & Co. was organized as a corporation to operate that hotel under a lease from the Imperial Hotel Company, and all of the said furnishings that had been delivered were transferred to said A. C. Mills & Co., and although all of the goods that arrived thereafter were consigned to the Imperial Hotel Co., they were received and used by A. C. Mills & Co.; that this transfer was the result of an agreement between said two companies, wherein it was agreed that A. C. Mills & Co. should operate said hotel and pay to the Imperial Hotel Company a certain amount of its profits and pay the in-

debtedness due to the H. B. Claflin Company, both com-
panies being liable for the indebtedness and both having
some interest in the hotel property.

Thereafter, on the 17th day of October, 1893, both the Im-
perial Hotel Company and A. C. Mills & Co. executed deeds
of voluntary assignment to Charles B. Kelley, as assignee of
each company, the officers of said Imperial Hotel Company
being also the officers of A. C. Mills & Co.

The assignee did not obtain possession of any property
under either of said assignments at any time, but on or about
the 1st of June, 1894, a sale was had in the County Court
of all interests of the assignee in the property of said Im-
perial Hotel Company, subject to all rights of said receiver,
who was then in possession thereof, and some money was
received for that interest of the assignee, which is all of the
assets belonging to said insolvent estate.

The assignee did not publish notice immediately after the
execution of said assignment to all the creditors of said Im-
perial Hotel Company to present claims to him within three
months after such notice, and he did not make any inventory
of the property of said Imperial Hotel Company immediately
after the said assignment; but did publish a notice on the 6th
day of January, 1894, about three months after the making
of said assignment and before he had obtained possession of
any assets of any kind whatsoever, and the assignee, on
March 21, 1894, filed an inventory of the property in the pos-
session of said receiver; but at no time did the assignee file
a report or inventory of the property in his own possession,
not even after he had obtained the proceeds of said sale.

The H. B. Claflin Company, appellant, did not receive a
copy of said notice, nor any knowledge that such notice
was published; but it did know that said receiver was still
in possession of said property, and that no inventory had
been filed in the assignment matter, and that no property
was in possession of the assignee up to February 10, 1894.

On the tenth day of February, 1894, the H. B. Claflin
Company began suit in the Superior Court of Cook County
against both the Imperial Hotel Company and the said A.

C. Mills & Co., upon the indebtedness due it for the goods sold as above mentioned.

As a defense to this suit, both of said companies filed their separate pleas of non-assumpsit. A trial was had upon the issues they formed in that suit, resulting in a judgment being rendered on July 27, 1895, against both said defendants, jointly, for the sum of $26,487.35. Thereafter the record of that case was taken to the Appellate Court and the judgment was affirmed; and thereafter was taken to the Supreme Court, where it was still pending when the amended petition was filed on November 6, 1895.

But after the said suit was begun and said pleas of absolute defense had been filed, supported by affidavits, the H. B. Claflin Company received knowledge in some way that said assignee's notice had been published, but after the three months from the date of said notice had expired, and it filed a petition in the said County Court of Cook County on the tenth day of May, 1894, in this assignment matter, setting forth its claim, and stating therein that suit had been brought thereon in the said Superior Court, and that said defense had been made thereto by both of said companies, and that thereby the result of said suit was rendered uncertain. At that time the assignee had not yet received any assets of any kind as such assignee of the Imperial Hotel Company.

Thereafter the H. B. Claflin Company filed its amended petition by leave of court on the sixth day of November, 1895, setting forth the recovery of said judgment, the affirmance of the same by the Appellate Court, and that the case was then pending in the Supreme Court, and it petitioned the court for leave to file its claim with the assignee and share in all of the assets of said insolvent, prorating with all other creditors who might be permitted to participate therein. No dividend had at that time been ordered or paid by the assignee.

To said amended petition of November 6, 1895, the appellee demurred, and his demurrer was sustained, and the petition of the H. B. Claflin Company dismissed, and there

upon it prayed an appeal to this court, which appeal was allowed on its filing bond in the sum of $500, within sixty days after November 11, 1895.

In its amended petition of November 6, 1895, the H. B. Claflin Company, the appellant, charges fraud on the part of the assignee, in that said assignee conspired with one Joseph H. Defrees, the president of both the said A. C. Mills & Company and the said Imperial Hotel Company, to enter the defenses to said suit in the said Superior Court, and thereby prevent appellant from obtaining judgment in time to file its claim, properly sworn to, with said assignee before the expiration of three months mentioned in said assignee's notice, and that, as a part of said scheme, the said assignee did not send any notice by mail to the said H. B. Claflin Company, but strictly avoided doing anything that would call its attention to said published notice.

The County Court held that the claim was filed too late to share *pro rata* with claims filed within the three months.

JAMES A. FULLENWIDER, attorney for appellant, contended that where a claim against a bankrupt estate is in suit and undetermined during the three months after the publication of notice by the assignee during which claims are required to be presented, it will not be barred for non-presentation within three months. Suppiger v. Gruaz, 36 Ill. App. 60.

EDWARD S. ELLIOTT, attorney for appellee; ALDRICH, REED, BROWN & ALLEN, of counsel.

The statute must be strictly construed and effect given to its express language, that creditors who shall not file their claims within three months from publication of notice, shall not participate in the dividends until after the payment of claims presented within said time, and allowed by the court. Starr & Curtis' Revised Stat., Ch. 72, Par. 46, Sec. 10; Suppiger v. Seybt, 23 Ill. App. 468; Bank of Rondout v. First Nat. Bank, 37 Ill. App. 296; People v. White, 11 Ill. 341; Kean v. Lowe, 147 Ill. 564.

The fact that two months elapsed between the assignment and the publication of notice thereof by the assignee, and notice to creditors to present their claims, does not in the least degree invalidate said notice. Delay in the giving of the notice provided for by paragraph 38 of chapter 72, whether from neglect or mistake, does not affect the validity of the notice when given. Starr & Curtis' Revised Stat., Ch. 72, Par. 38; Crandall v. Carey-Lombard Lumber Co., 63 Ill. App. 320.

Appellant should be permitted to file its claim now, but should not be paid until after the payment in full of all claims filed within three months from the publication of notice. Starr & Curtis' Revised Stat., Ch. 77, Par. 46; Kean v. Lowe, 147 Ill. 564.

The assignee complied with the law in all respects relating to taking possession of the insolvent's estate, and the filing of an inventory thereof. He had only such a right to possession as the assignor had at the time of the assignment. Levy v. Chicago Nat'l Bank, 57 Ill. App. 143.

The publication and mailing of notice by the assignee was strictly in accordance with law, and its effect absolutely bars appellant's claim to prorate with those filing claims within three months from the publication of such notice; and this, whether or not such notice came to the knowledge of appellant. Suppiger v. Seybt, 23 Ill. App. 468; Winona Paper Co. v. First Nat'l Bank, 33 Ill. App. 632; Kean v. Lowe, 147 Ill. 564; Field v. Ridgley, 116 Ill. 424.

That a claim is litigated and disputed during the time to file claims, is no excuse for not presenting it to the assignee. Suppiger v. Gruaz, 36 Ill. App. 60; 137 Ill. 216; Dugger v. Oglesby, 99 Ill. 410, distinguished.

There was neither fraud, neglect, misconduct nor conspiracy on the part of the assignee, whereby appellant was prevented from filing its claim. Field v. Ridgley, 116 Ill. 424; Merwin on Eq. and Eq. Pl., Sec. 692; Secrist v. Petty, 109 Ill. 188; Daniell's Chy. Pl. & Pr. 546; Robinson v. Brown, 82 Ill. 279; Hangsleben v. People, 89 Ill. 164; Taylor v. Adams, 115 Ill. 570.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Sec. 10 of the act relating to voluntary assignments, chapter 72 of the Revised Statutes of Illinois, reads as follows:

" And all creditors who shall not exhibit his, her or their claim within the term of three months from the publication of notice as aforesaid, shall not participate in the dividends until after the payment in full of all claims presented within said term and allowed by the County Court."

That a claim is litigated and disputed during the time to file claims, is no excuse for not presenting it to the assignee. Rassieur v. Jenkins, Assignee, 64 Ill. App. 336; Snydacker v. Swan Land Co., 154 Ill. 220.

The Illinois statute concerning assignments was taken largely from the Iowa statute. In that State the Supreme Court hold that a claim filed after three months can not pro-rate, and that no equitable considerations whatever entitle the claimant to relief. The following decisions of the Iowa Supreme Court have been frequently cited and followed by the courts of Illinois: In re Holt, 45 Ia. 301; McKindley v. Nourse, 67 Ia. 119; Loomis v. Griffin, 78 Ia. 482; Carter v. Lee, 47 N. W. Rep. 1014; Conlee Lumber Co. v. Meyer, 74 Ia. 403; Smith v. Wheeler, 12 N. W. Rep. (Ia.) 626; In re Stewart, 43 N. W. Rep. (Ia.) 296; Budd v. King, 48 N. W. Rep. (Ia.) 296; Clendenning v. Perrine, 49 N. W. Rep. (Ia.) 334; Scott v. Thomas, 62 N. W. Rep. (Ia.) 790.

It is not alleged that the petitioner did not have knowledge of the assignment. If the assignee conspired and by fraudulent means prevented the petitioner from filing its claim within the three months, such conduct did not extend appellant's time to file such claim. The petitioner should in such case proceed against the assignee personally.

The order of the County Court is affirmed.