STATE ex rel. MARSHALL–WELLS CO., Relator, v.
DISTRICT COURT et al., Respondents.

(No. 5,759.)

(Submitted June 6, 1925. Decided June 29, 1925.)

[237 Pac. 523.]

*Assignment for Benefit of Creditors — Presenting Claims Against Assignee—Time—Limitation—Power of District Court—Supervisory Control—Statutory Construction.*

Statutes—Sections Component Parts of Same Act to be Construed Together.
    1. Sections of the Revised Codes which were enacted as component parts of the same Act must be construed together.
Assignment for Benefit of Creditors—Presentation of Claim After Expiration of Time Limit—Improper Allowance.
    2. *Held,* on application for writ of supervisory control, that under section 8635, Revised Codes of 1921, construed in conjunction with section 8632, the district court has power upon final settlement of the estate to direct the assignee to pay a lawful creditor his proportionate dividend though his claim was not presented within the time designated in the assignee's call, provided four months have not elapsed since the first publication of notice to creditors, and that therefore, where a creditor did not present his claim until two years and two months after first publication of notice, the court exceeded its power in allowing the claim.
Same—Expiration of Time Limit for Presenting Claims—Power of Court to Allow Payment.
    3. The rule that where the time within which creditors must present their claims to an assignee is fixed by statute, the failure of a creditor to present his claim within that time bars him from his right to participate in dividends, is, in principle, applicable where, as in this state (sec. 8632, Rev. Codes 1921), the district judge may fix the time for such presentation.

---

Assignments for Benefit of Creditors, 5 C. J., sec. 446, p. 1268, n. 26.
Statutes, 36 Cyc., p. 1147, n. 30.

Original application by the State of Montana, on relation of the Marshall-Wells Company, for a writ of supervisory control directed to the District Court of the Nineteenth Judicial District, in and for the County of Pondera, and John J. Greene, Judge thereof, to annul an order allowing a claim in an assignment for benefit of creditors. Writ issued.

---

1. See 25 R. C. L. 1062.

*Messrs. Murch & Wuerthner,* for Relator, submitted a brief; *Mr. Julius J. Wuerthner* argued the cause orally.

*Mr. George H. Stanton,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This is an application for a writ of supervisory control. There is no disputed question of fact involved. The Valier Mercantile Company, a corporation doing a general merchandise business at Valier, Pondera county, made a general assignment for the benefit of its creditors to the Northern Montana Association of Credit Men, a corporation, which accepted the trust and duly qualified. In due course the assignee obtained an order authorizing it to advertise for creditors to present their claims, with vouchers therefor duly verified, on or before March 30, 1922. The notice was duly published, and, within the time specified, the relator and other creditors, having claims totaling $53,785.14, presented them to the assignee, and they were duly allowed. The assignee has paid thirty-five per cent of the total amount of these claims, leaving a balance of $34,977.19 still due thereon. The value of the assets still remaining in the possession of the assignee is estimated at $36,000.

At the time of the assignment, the assignor owed the Stanton Bank & Trust Company $20,299.16. The bank did not present its claim to the assignee until more than two years and two months after the date of the first publication of the notice to creditors. The assignee refused to allow this claim, for the reason that it was not presented in time. Thereafter the district court of Pondera county directed the assignee to allow this claim. By this proceeding the relator seeks to obtain a writ commanding the district court to annul this order.

The only question necessary for consideration is whether the court had power to order the assignee to allow the bank's claim after the expiration of four months from the date of the first publication of the notice to creditors.

Our statutory provisions relative to assignments for the benefit of creditors are embraced in sections 8612 to 8641, Revised Codes of 1921. Section 8632 says: "The judge may, upon the petition of the assignee, authorize him to advertise for creditors to present to him their claims, with the vouchers therefor, duly verified, on or before a day to be specified in such advertisement, not less than ten days from the publication thereof, which advertisement or notice shall be published in one newspaper, to be designated by the judge, as most likely to give notice to the persons to be served, at least once and such additional times as the judge may direct; the last publication shall be at least one week prior to the date specified."

Section 8635 provides: "The court shall have power: * * * 3. To direct upon the final settlement of the estate that the assignee pay to the lawful creditors their proportionate dividend, notwithstanding their claim has not been presented in accordance with the notice sent out by the assignee; provided, that four months have not elapsed since the first publication of notice to creditors; 4. To approve the final report and to discharge the assignee and his surety, from all further liabilities upon matters included in the accounting, to creditors appearing and to creditors not having appeared after due citation, or not having presented their claims after due advertisement."

These sections were originally enacted in 1919 as component parts of the same Act (Session Laws of the Sixteenth Legislative Assembly, Chap. 180, p. 341), and were brought forward into the 1921 Codes as originally enacted, except that in the 1919 Act the proviso at the close of the third subdivision of section 8635 read: "Provided one year has not elapsed since the filing of the general assign-

ment.'' By Chapter 215 of the Session Laws of 1921, page 429, this proviso was amended so as to read as it now appears in section 8635. Having been so enacted, these sections must be construed together. (*Angell* v. *Lewistown State Bank*, 72 Mont. 345, 232 Pac. 90.)

Reading these two sections together, we find the effect [2] of their declarations to be that the court has power, upon the final settlement of the estate, to direct the assignee to pay a lawful creditor his proportionate dividend, although his claim has not been presented in accordance with the assignee's call therefor, provided four months have not elapsed since the first publication of the notice to creditors. It appears to us that the meaning of the last clause is perfectly clear, *viz.*: That, if four months have elapsed since the first publication of the notice, the court has no power to direct the assignee to pay any dividend to a creditor who did not present his claim in accordance with the notice. If these sections do not mean this, it would be impossible to give them any meaning whatever.

Under the provisions of section 8634 it is the duty of the assignee to close up the estate as expeditiously as possible, and to pay dividends as often as is compatible with the best interests of the estate. The assignee is required to enter into a bond to the state for the use and benefit of creditors, conditioned for the faithful discharge of his trust and the due accounting for all moneys received by him. (Sec. 8630.) In order to enable the assignee to comply with the statute, which commands him to close the estate as soon as practicable and to pay dividends as often as the condition of the estate permits, and at the same time to protect himself and his bondsmen from liability, it is necessary that he shall know who the creditors of the estate are and the amount of their claims, so that he may determine the proper division of the funds available for distribution.

Where the time within which creditors may present their [3] claims to an assignee is fixed by statute, it is gen-

erally held that the failure of a creditor to present his claim within the statutory time bars him from the right to participate in dividends. (*O'Conner* v. *Standard Cafeteria Co.,* 68 Or. 550, 137 Pac. 774; *In re Holt,* 45 .Iowa, 301; *Loomis* v. *Griffin,* 78 Iowa, 482, 43 N. W. 296; *Clendenning* v. *Perrine,* 32 Neb. 155, 49 N. W. 334; *Ellison* v. *Lindsley,* 33 N. J. Eq. 258; *Kean & Co.* v. *Lowe,* 147 Ill. 564, 35 N. E. 350.)

In principle, there is no distinction between the effect of a statute which itself fixes the time for the presentation of claims, and one like ours, which authorizes the judge having jurisdiction of the proceeding to fix the time for such presentation.

Our conclusion is that, under the circumstances presented, the court had no power to make the order which it did, directing the assignee to allow the claim of the Stanton Trust & Savings Bank, and that the same should be annulled.

Let a writ of supervisory control issue as prayed for in relator's petition.

*Writ issued.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.

Rehearing denied July 14, 1925.