HON. T. O. C. HARRISON, } JUDGES.
HON. T. L. NORVAL,

HON. ROBERT RYAN,
HON. JOHN M. RAGAN, } COMMISSIONERS.
HON. FRANK IRVINE,

COMMERCIAL NATIONAL BANK OF OMAHA v. REUBEN
LIPP, ASSIGNEE OF E. F. HEMPSTEAD.

FILED JANUARY 9, 1896. No. 5771.

Voluntary Assignments: FAILURE TO PRESENT CLAIMS: DIS-
TRIBUTION. One who through his own fault and neglect fails
to present for allowance his claim against an assigned estate
within the time allotted therefor by law, in conformity with the
order of the county court, is forever barred, and will not there-
after be permitted to prorate with other creditors of the estate.

ERROR from the district court of Pawnee county. Tried
below before BUSH, J.

The opinion contains a statement of the case.

*Montgomery, Charlton & Hall,* for plaintiff in error:

Plaintiff in error should be permitted to present its claim for allowance and to share in the distribution of the assigned estate, though the claim was not filed within the time fixed by the county court. (*Powers v. Hill,* 27 Mo. App., 190; *Elwood v. Marsh,* 31 Neb., 134; *Clendenning v. Perrine,* 32 Neb., 159; *Owens v. Ramsdell,* 33 O. St., 439; *Carpenter v. Dick,* 41 O. St., 297; *Fourth Nat. Bank v. Scudder,* 15 Mo. App., 463; *Myers v. Board of Education,* 32 Pac. Rep. [Kan.], 658; *Maverick v. Heard,* 12 S. W. Rep. [Mo.], 892; *Downey v. May,* 19 Abb. N. C. [N. Y.], 177; *Beem v. Kimberly,* 72 Wis., 343; *Schriver v. Holderbaum,* 75 Ia., 33; *Smith v. McFadden,* 56 Ia., 482; *Ury v. Bush,* 52 N. W. Rep [Ia.], 666.)

Where a claim is contingent upon the result of a lawsuit, it may be filed and allowed after the determination of such suit, though the day limited for such filing has passed. (*Morgan v. Gibson,* 42 Mo. App., 234; *Tenny v. Lasley,* 80 Mo., 664; *Senat v. Findley,* 51 Ia., 20; *Farwell v. Myers,* 64 Mich., 234; *Suppigar v. Graaz,* 27 N. E. Rep. [Ill.], 22; *In re Van Norman,* 43 N. W. Rep. [Minn.], 334.)

*Story & Story, contra:*

Plaintiff in error should not be permitted to file its claim and have the same allowed out of time.

Plaintiff in error made its election between two remedies and is not in a position to invoke the power of a court of equity for an extension of time in which to file and prove its claim. (*Valentine v. Decker,* 43 Mo., 583; *McKindley v. Nourse,* 24 N. W. Rep. [Ia.], 750; *Lovenberg v. Nat. Bank of Texas,* 67 Tex., 440; *Clendenning v. Perrine,* 32 Neb., 155.)

While published notice of the time to file claims was sufficient, plaintiff in error had actual notice, and its claim is barred. (*Carter v. Lee,* 47 N. W. Rep. [Ia.], 1014.)

Post, C. J.

From July 1, 1889, until December 21, following, one E. F. Hempstead was engaged in the business of banking at Pawnee City, in this state, under the name and style of the Nebraska State Bank of Pawnee City. He was also engaged in furnishing electric lights under the name and style of the Pawnee City Electric Light Company. On the day last mentioned said Hempstead made an assignment for the benefit of all his creditors to A. D. Strunk, sheriff of said county. The inventory of assets executed December 30 includes the banking house and all credits of the bank; also the premises upon which was situated the electric light plant, together with all lights, lamps, wires, poles, and property of every description pertaining thereto. On the 15th day of January, 1890, a meeting of the creditors was held pursuant to notice by the county judge, at which the defendant herein was selected to succeed Strunk, the sheriff, in the execution of said trust, and in due time qualified in the manner prescribed by statute. Shortly thereafter an order was made by the county judge, requiring all claims against said estate to be presented for examination and allowance on or before March 12, 1890, notice of such order being given by publication in a local newspaper for the period of three weeks. Hempstead, for some time prior to his assignment, kept an account with the plaintiff in the name of the Nebraska State Bank of Pawnee City and had a short time previous to said date procured the plaintiff to discount certain notes, in all of which the Nebraska State Bank was named as payee. On the 13th day of January, 1890, said plaintiff commenced an action in the district court for Pawnee county in which the Nebraska State Bank of Pawnee City was

named as defendant, in which it sought to rescind the contract, under which it held the notes above mentioned, on account of the alleged fraudulent representations of Hempstead, and to recover the consideration paid therefor. An order of attachment was issued in that case, by virtue of which the banking house and assets of the bank were seized under the direction of the plaintiff, on the theory that the Nebraska State Bank was a body corporate, and that its property accordingly did not pass to the assignee above named. In said action the defendant Lipp was permitted to intervene, and on his motion the attachment was discharged by the district court, which order this court subsequently affirmed, holding that the Nebraska State Bank was not a body corporate, and that the assets of the bank passed to the assignee of Hempstead and his successor. (See *Commercial Nat. Bank v. Nebraska State Bank*, 33 Neb., 292.) Thereafter, on the 28th day of October, 1891, the plaintiff instituted this proceeding before the county judge seeking to have its said claim allowed against Hempstead's estate, which is insolvent and will not pay more than ———— per cent of the claims already allowed. Issue was joined by the answer of the assignee and a hearing had, resulting in a ruling adverse to the plaintiff, who prosecuted an appeal therefrom to the district court of Pawnee county, which resulted in a judgment affirming the order of the county judge and dismissing the appeal, and which has been removed into this court by the petition in error of the plaintiff bank.

The pleadings upon which the cause was tried in the county court and also in the district court are exceedingly voluminous. However, a brief reference to them will suffice in this opinion. Notwithstanding the fact that this cause originated before the county judge, it is in the nature of a proceeding in equity, and must be determined by the application of equitable principles. The petition, which is the basis of the proceeding, was presented to the county

judge long after the limit fixed for the presenting of claims against the estate, and the sole ground upon which relief is sought is that the plaintiff was not aware until the decision of this court in *Commercial Nat. Bank v. Nebraska State Bank, supra*, that it had a claim against Hempstead, and was not advised until about the time of the filing of said petition, to-wit, October 28, 1891, that a time had been fixed for the presentation of claims against said estate. It is provided by section 16 of the assignment law (ch. 6, Compiled Statutes): "Upon the day of the meeting of the creditors the county judge shall fix a day, not more than sixty and not less than thirty days thereafter, within which all claims against the assigned estate shall be filed, and within which the assignee or assignor, or any creditor, may file any objection, defense, set-off, or counter-claim. * * * Notice of the time so fixed shall be given in the manner hereinbefore provided for notice of the first meeting of the creditors. Any claim, objection, set-off, or counter-claim not filed on or before the date so named shall be forever barred from being considered in the settlement of said estate or participating in any dividend therein." Provision is by section 9 made for the notice here referred to by advertisement in some newspaper published and of general circulation in the county, and for the mailing of a copy thereof to each creditor mentioned in the inventory, addressed to his place of residence therein named, with postage prepaid. It is further provided: "No informality or neglect with reference to such notice shall invalidate any action taken pursuant thereto or to such order." Similar provisions have been construed as directory merely, and the claimant, in a proper case, allowed to share in the assets of the assigned estate, notwithstanding the failure to present his claim for allowance within the allotted time. But is this plaintiff in a position to invoke that rule? We think not. There is not alone an absence of evidence tending to prove ignorance on its part, of the order in question,

but there is positive evidence that it was fully advised of the time fixed for the presentation of claims. A consideration of the whole record can lead to but one conclusion, viz., that the plaintiff, with a knowledge of all the facts, elected to ignore the assignment in so far as it applied to the assets of the bank and is now chargeable with the consequences of the election thus deliberately made, for, as held in *Clendenning v. Perrine,* 32 Neb., 155, a creditor who through his own fault fails to present his claim within the time limited therefor by law is barred from participating in any distribution of the estate of the assignor. It follows that the claim of the plaintiff is without merit and that the judgment of the district court must be

AFFIRMED.