## BRUCKER VS. THE STATE.

On error to reverse a second judgment in a cause in which a former judgment had been reversed on error by this court, one error assigned was, that at the time of the second trial the cause had not been remitted from this court. It not appearing from the record sent up from the circuit court, whether the cause had been remitted, or what order, if any, had been made in this court respecting it, *Held*, that this court would take judicial notice of its own record and proceedings upon the former writ.

The making and entry in this court of an order remanding the cause, and the actual remitting of the papers, are sufficient to give the circuit court jurisdiction, although a formal *remittitur* was never filed in that court.

ERROR to the Circuit Court for *Buffalo* County.

The plaintiff in error was indicted for murder, and being convicted upon the first trial, the judgment was reversed by this court upon a writ of error. See 16 Wis., 333–6. The present action was to reverse a second conviction. The alleged errors chiefly relied upon are sufficiently stated in the opinion.

*E. Fox Cook*, for the plaintiff in error.

The *Attorney General*, for the state.

*By the Court,* DIXON, C. J. We deem it necessary to consider but two of the exceptions taken on the part of the plaintiff in error: that to the jurisdiction of the court below because the *remittitur* had not been filed, and that to the decision excluding the offer to prove " the vicious temper, nature and disposition of the deceased."

The first exception is founded solely upon the absence of the *remittitur* from the files. There is nothing in the present record to show whether the cause had or had not been remitted, or what order, if any, had been made in this court respecting it. The determination, therefore, depends chiefly upon whether we can take judicial notice of our former order. If we cannot, it seems, upon the record before us, that the objection is well taken; but if we can, then our conclusion would be different. We are inclined to the opinion that, for the purpose of this

objection, we can take such notice, and that the former record and order may be considered. The objection is, that the cause had not been remitted. Whether it had or not, the record and proceedings upon the former writ, always before this court, are certainly the best evidence, and we think they may be examined for the purpose of ascertaining the fact. This view we think is sustained by the following cases: *The Santa Maria*, 10 Wheat., 442; *Cash v. The State*, 10 Humph., 115; *Brown v. Elms*, id., 137. Taking notice then of the former record and proceedings, we know judicially that the cause had been in fact remanded to the court below for a new trial; that is, that an order to that effect had been made and entered in this court. And in this case it appears that a *remittitur* had also been made out by the clerk and delivered to the counsel for the plaintiff in error. But the essential point is the *order* of this court remanding the cause. If that has been made, and the cause remanded in pursuance of it, we think the jurisdiction is not affected by the absence of the formal instrument known as the *remittitur*. It is the order of this court and the remitting of the papers which give jurisdiction, and not the *remittitur*. The *remittitur* is at most but evidence of the order, and if the order exists the proceedings will be upheld, though the *remittitur* be wanting. It is one of those defects in matters of form not tending to the prejudice of the defendant, which are cured by the statute regulating trials in criminal cases. R. S., ch. 179, sec. 13.

The other point of exception seems to be well settled against the plaintiff in error, and, as we think, for very satisfactory reasons. If such evidence were admitted on behalf of the prisoner, it would be competent for the state to show that the deceased was of a mild and peaceable character. Such evidence is too remote and uncertain to have any legitimate bearing upon the question at issue. The provocation under which the defendant acted must be judged of by the *res gestæ;* and the evidence must be confined to the facts and circumstances

attending the assault by the deceased upon the defendant. *Commonwealth v. Hilliard,* 2 Gray, 294. See also Wharton's Am. Crim. Law, §§ 641 and 642, and cases cited.

Conviction affirmed.