39    565
e114  ¹327

## CHARLES W. DINES
### v.
## THE PEOPLE OF THE STATE OF ILLINOIS.

*Contempt—Clerk of County Court—Order of Court—Ignorance of— Judicial Notice.*

1.   In proceedings against a clerk of court for contempt, he having failed to obey an order thereof touching one of his official duties, it must be shown to convict him, that he wilfully intended to disobey or obstruct the same.

2.   It will not be necessarily presumed in such case, that the clerk knew the contents of such order when he filed the same.

3.   A court can only take judicial notice of such acts and proceedings as will properly go upon the record; and the knowledge, opinion or recollection of the judge in such case, that the clerk did know the contents of the order, is his personal and not his judicial knowledge.

[Opinion filed June 12, 1891.]

IN ERROR to the County Court of McDonough County; the Hon. L. Y. SHERMAN, Judge, presiding.

Messrs. NEECE & SON and PRENTISS & BAILY, for plaintiff in error.

Messrs. GEORGE D. TUNNICLIFF, State's Attorney, and H. C. AGNEW, for defendants in error.

CONGER, P. J.   This was an information against plaintiff in error in the County Court for contempt in destroying certain ballots in his custody in violation of an order of the court to preserve the same.   The order was made in a cause in said court of The People v. Charles Newton Wilson, wherein he was charged with fraud at an election.

Plaintiff in error was clerk of the County Court, and at the December term, 1888, of said court, upon the application of the State's attorney, a written order was signed by the judge of said court, and filed in the papers in the case of The People v. Wilson, by plaintiff in error, in which written order he was ordered not to destroy certain poll books and ballots, but to carefully preserve them until the further order of the court.

At the June term, 1890, of the County Court, the present information was filed, interrogatories propounded to plaintiff in error, which he answered under oath; the fourth and its answer being as follows:

Fourth:  "If you have destroyed said ballots, state why did you destroy them in violation of the order of this court?"

Answer to interrogatory fourth :   "I destroyed said ballots because it was my sworn duty to do so under the statute of the State of Illinois.   The paper purporting to be an order was never read or understood by me until January, 1890, although the same was filed by me.   At the time of filing I did not know what said paper contained, and never knew the contents thereof until the month of January, A. D. 1890.   In destroying said ballots I meant no contempt of this court, but was only aiming to carry out my duty as clerk of this court, as I understood it.                            C. W. DINES."

" Subscribed and sworn to before me this 23d day of June, A. D. 1890.

    [SEAL.]              W. H. NEECE, Notary Public."

On the 27th of June, 1890, the following order and record are made by the County Court:

Dines v. The People.

" THE PEOPLE OF THE STATE OF ILLINOIS ⎱
                vs.                            ⎰ Contempt.
CHARLES W. DINES.

And now on this 27th day of June, A. D. 1890, it being one of the days of the June term of said court, A. D. 1890, comes the defendant, Charles W. Dines, in his own proper person as well as by his attorneys, and this case having been heard upon the information, the written interrogatories filed herein, and the answer of the defendant to said interrogatories, and the court having heard the arguments of attorneys, and being fully advised in the premises, and on consideration thereof, doth find that this court did, at the December term, A. D. 1888, of this court, make an order, containing among other things an order that said defendant should be and he was enjoined and inhibited from destroying or in any way interfering with the ballots therein mentioned, and that said defendant should carefully and safely preserve said ballots until the further order of this court, and fail not under pains and penalties of being in contempt of this court; and it further appearing, and this court takes judicial notice, that said order was made in open court at said December term, A. D. 1888; and that said defendant, Charles W. Dines, was then and there personally present in open court when said order was made, and that said defendant, at the time and place aforesaid, was informed by this court, and he then and there well knew that said order was made and the contents thereof; and the court further finds from the interrogatories and answers thereto, that the said defendant destroyed the ballots mentioned in said order, after said order was made, and in violation and disobedience thereof."

Whereupon the court adjudged plaintiff in error to be in contempt and fined him $200, which judgment plaintiff in error seeks to have reversed.

From the sworn answer of plaintiff in error it appears that while he filed the written order, he did not know its contents until after he had destroyed the ballots, as he supposed, in accordance with his duties under the law. If this answer is to be taken as the truth, it is clear that he was not guilty of contempt.

Plaintiff in error might be presumed to know the orders and proceedings of the court, of which he is clerk, in so far as any person might be damaged by reason of his ignorance, and it may be, that in such cases he would not be allowed to plead his ignorance; but in a proceeding like the present for contempt, there must exist a wilful intention to disobey, or obstruct the orders of the court.    In other words, there must be an intention to do a wrong.

The only question we shall consider is, was it within the power of the court to take judicial notice that plaintiff in error, "was then and there personally present when said order was made, and that said defendant (plaintiff in error), at the time and place aforesaid, was informed by this court, and he then and there well knew that said order was made and the contents thereof."

Of what facts will a court take judicial notice? Of the signatures of their own officers, their own judgments, and orders, whether a bill of exceptions has been signed by the judge, and various other matters.    The rule which seems to us to govern in the present case is thus laid down in Wharton, and approved in Secrist v. Petty, 109 Ill. 188:

"The doctrine is well recognized that a court will take judicial notice of the state of the pleadings, and the various steps which have been taken in a particular cause, and consequently the judge must take notice of his own *official acts* in the progress of such a case, and he therefore needs no proof to advise him of what he has done in it." What are official acts? We think they are such only as would form part of the record.

A court can only take judicial notice of such acts and proceedings as would properly go upon the record.    Hence, the fact that the order was made when it was filed, and its contents, were all proper subjects of judicial notice; but the knowledge, opinion, or recollection resting in the breast of the judge that the clerk did know the contents of the order could not be made a part of the record, and hence was merely his personal and not his judicial knowledge.

We do not mean to be understood that the court can only

take judicial notice of such acts and proceedings as are actually recorded. Mere verbal orders may be given by the judge, which are never placed upon record, and for the disobedience of which one might be punished as for contempt. But all such orders and proceedings could properly be placed upon the record of the court, if necessary, and usually would be, if proceedings in the nature of punishing for contempt were to grow out of them.

For the error indicated the judgment of the County Court will be reversed, and the cause remanded.

*Reversed and remanded.*