H. S. BAILEY *et al.*

*v.*

H. H. KERR *et al.*

*Opinion filed June 17, 1899.*

1. CONTINUANCE—*affidavit for continuance to procure witnesses must show due diligence.* One desiring a continuance on the ground of absent witnesses must show by his affidavit that due diligence was used to procure the attendance of the witnesses mentioned therein.

2. SAME—*when affidavit for continuance does not show due diligence.* Due diligence in the matter of procuring the attendance of witnesses is not shown by an affidavit, from which it appears that, notwithstanding the party applying for such continuance had a week's notice of the application for a hearing and that upon the appearance of the parties at that date the hearing was set four days later, he made no attempt to procure his witnesses.

3. COURTS—*court takes judicial notice of steps taken in pending cause.* A court will take judicial notice of the state of the pleadings and of the various steps which have been taken in a particular case pending before it.

4. SAME—*court presumed to have taken notice of its own records.* In the consideration of a petition which refers to a former order of the court, recites the steps taken to carry it into effect and prays for a further order for its enforcement, it will be presumed, on appeal, that the court took notice of its own records in regard to what had previously been done, and that such records were before the court at the hearing.

5. EVIDENCE—*what not material on application to enforce decree approving assignee's sale.* A decree approving a private sale of real estate in a body, by an assignee for creditors, having been entered upon full hearing, from which no appeal is taken, it is not error, upon the hearing of a petition for a further order enforcing the decree, to refuse to admit testimony that the land would have sold for more in small tracts than in a body.

WRIT OF ERROR to the County Court of Iroquois county; the Hon. FRANK HARVEY, Judge, presiding.

On May 1, 1897, plaintiffs in error, Hiram S. and Fidelia S. Bailey, made an assignment for the benefit of their creditors to defendant in error Harry H. Kerr. The property assigned consisted of personal property ap-

praised at $1692 and a farm of 360 acres of land in Iroquois county. The land was encumbered by mortgages amounting on March 1, 1899, to the sum of $21,601.93. On the 8th day of November, 1897, the county court of Iroquois county entered an order directing the assignee to sell the land at public auction on December 13, 1897, subject to the approval of the court. Pursuant to said order the assignee advertised the land in three newspapers, posted numerous notices and mailed notices to a large number of persons in Central Illinois, and on the day of sale the highest bid received for the farm was $19,800. The court refused to approve the sale for the amount offered, hence no sale was made. Early in 1898 the holders of the mortgages on the farm threatened foreclosure proceedings, but the assignee induced them to wait for a time in order that he might find a purchaser for the farm. Finally, defendant in error George Wunder was induced to purchase at $62 per acre, or $22,320 for the farm, and on September 19, 1898, the assignee entered into a contract with him for the sale of the land at that price, subject to the approval of the court. The assignee notified the assignors that on September 26, 1898, he would move the court to approve the sale, and on that day the motion was entered. On the same day numerous creditors filed their request that the sale be approved. In the meantime the holders of the third encumbrance filed their bill in the Iroquois circuit court to foreclose, and on December 22, 1898, obtained an order appointing a receiver therein. On the same day the motion to approve the sale to Wunder was brought to a hearing in the county court before the then presiding judge of said court, and an order was entered therein approving the sale. At that hearing the assignors appeared with their attorney and resisted the motion. The order was entered upon a full hearing of the case.

The assignors having refused to accept $1000 for their homestead and execute their deed therefor, the assignee, on January 9, 1899, served them with a notice that he

would, on the 16th of that month, move the court for an order on them to accept the $1000 and execute the deed, as theretofore ordered by the court. He at the same time again tendered them the $1000. On January 16 the parties appeared in court pursuant to the above notice, and the motion was then set down for a hearing on January 20. On January 20 the parties appeared and the assignors filed an affidavit for a continuance. The court overruled the application for a continuance, and on a hearing of the case entered the following order or decree:

The court found that on December 22, 1898, an order was entered in the court as follows: "That Kerr accept the offer of George Wunder for the farm and that he complete the sale according to the contract; that on payment of $1000 by Wunder, Kerr pay the $1000 to assignors on their delivery to him, to be delivered to the purchaser, of their quit-claim deed of all of said premises, with proper release of their homestead in deed and acknowledgments, but reserving right to keep possession till March 1, 1899; that if the moneys to be paid by Kerr to complete contract exceed what he realizes at sale, he pay deficiency out of other funds in his hands and take credit in his report, but when he pays the interest on the encumbrances of the land as contemplated by the contract, he must require them to withdraw the claims they have filed with him as assignee for interest and principal on their claims; that any of the parties to this motion be at liberty to apply to this court for further orders that may be necessary to carry out contract of sale, and the assignee report at once his actions in the matter." The court further found that on January 9, 1899, pursuant to the order set forth, Kerr tendered to the assignors $1000 for their homestead in the south-west quarter of the south-west quarter of section 14, and the north half of section 23, township 24, north, range 10, east, being the real estate by them assigned to him, and requested them to accept the money and make a deed for the homestead in the real estate to

George Wunder, and deliver it to Kerr ready to deliver to Wunder when he complied with contract, but that the assignors refused to accept and deliver deed; that Kerr notified the assignors that the money and deed would be deposited in the bank of A. Goodell & Sons' Company, at Loda, Illinois, to be paid to them when they should execute and deliver a deed for the real estate aforesaid; that Wunder is ready and willing and now offers to complete the purchase as soon as the homestead is deeded to him or otherwise extinguished according to law; that Kerr and Wunder are entitled to have a full compliance with the order made December 22, 1898. It is therefore decreed that the sum of $1000 tendered to the assignors by the assignee be held by him to be paid to the assignors when they execute to George Wunder a quit-claim deed for their homestead in all the premises in the order mentioned, the deed to be executed and delivered by Kerr on payment of the $1000 within twenty days of this date, and on default Kerr can apply to the court for a further order to enforce this order; that the assignors, within twenty days, vacate the real estate set forth in the petition and surrender it to Kerr so he may complete the sale to Wunder, but if the assignors, within twenty days, make a deed as directed, then Kerr is directed not to enforce the order for vacating, but let them remain in the possession till February 28, 1899, when they shall vacate and surrender to Kerr, and on extinguishment of the homestead right pursuant to this order Kerr will pay them the $1000; that Kerr proceed without delay to complete the sale in conformity to the order of December 22, 1898.

To reverse the above decree this writ of error was sued out.

DOYLE & CRANGLE, and C. W. RAYMOND, for plaintiffs in error.

M. H. CLOUD, and W. S. MOFFETT, for defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It is first claimed in the argument that the court erred in overruling the motion of plaintiffs in error for a continuance. In order to procure a continuance it devolved on plaintiffs in error to show by their affidavit that they had used due diligence to procure the attendance of the witnesses mentioned in their affidavit, but upon an examination of the affidavit it will be found that no diligence whatever was used to procure the attendance of the witnesses, and upon this ground, if for no other, the ruling of the court was proper. On the 9th day of January, 1899, plaintiffs in error were notified that there would be a hearing of the cause on the 16th of January. On January 16 the parties appeared, and an order was entered setting the cause for a hearing on January 20, but no subpœnas were issued for the witnesses desired and no effort whatever was made to bring them into court. Moreover, the proposed evidence related mainly to the value of the land proposed to be sold to Wunder, and that evidence was not material to the issue involved in the case. It appears from the record that on December 22, 1898, the application to approve the sale of the land to Wunder was heard and determined and an order approving the sale was then entered. On that hearing plaintiffs in error appeared and offered such evidence as they desired in regard to the value of the land and the necessity of the sale. From that order no appeal was taken or writ of error prosecuted. The order, to reverse which this writ of error was sued out, merely provided for the enforcement of the order entered December 22. Whether the land had been sold for its full value and whether the sale was for the best interest of the creditors had been settled by the judgment of the court entered on December 22, and when the affidavit for a continuance was filed nothing remained to be done but to carry out and enforce the former judgment of the court. We are therefore satisfied that the court properly overruled the motion for a continuance.

It is also claimed that the court erred in refusing to allow plaintiffs in error to prove, on cross-examination of the witness Butzow, that the land would sell for more in small tracts than in a body. That was not a material question then pending before the court, as it had been settled on December 22, when the sale of the entire tract of land to Wunder had been approved.

It is also claimed that no evidence was offered which supports the decree. It is true that the judgment of December 22 approving the sale and the proceedings under which it was entered was not formally offered in evidence. But that was not required, as the rule is well settled that a court will take judicial notice of the state of the pleadings and the various steps which have been taken in a particular cause pending before it. (*Secrist* v. *Petty*, 109 Ill. 188.) Here the petition referred to the former order, recited the steps taken to carry it into effect and prayed for a further order for its enforcement. .In the consideration of the petition it will be presumed that the court took notice of its own records in regard to what had previously been done, and it will also be presumed that such records were before the court on the hearing.

It is said in the argument that the land would sell for more if sold in parcels and at public sale. The land was offered at public sale after being thoroughly advertised, but the best offer made was seven dollars per acre less than Wunder agreed to pay. As to a sale in parcels, it will be remembered that the land was encumbered by mortgages for $18,000, in addition to interest. These mortgages covered the whole tract, and unless each tract could be cleared of the entire mortgage indebtedness it would be difficult to find a purchaser for some particular part of the land. Moreover, the record fails to show that the land would sell for more in parcels than in one tract.

After a careful examination of the record we find no substantial error, and the judgment of the county court will be affirmed.                   *Judgment affirmed.*