Charles McGlasson and Alice E. McGlasson v. John T. Scott, Judge.

| 112 | 289 |
| 125 | 616 |
| 112 | 289 |
| 141 | 143 |
| 112 | 289 |
| 144 | 66 |
| 144 | 300 |
| 144 | 301 |
| 144 | 302 |

Information for Contempt: *Sufficiency.* Under Code, section 2407, requiring the information, in proceedings to punish a violation of an injunction against a liquor nuisance, to set out the alleged facts constituting the violation, an information setting out the issue of the injunction, defendant's knowledge thereof, and that sundry times, since, defendants had sold and kept for sale intoxicating liquors is sufficient, without naming the building where the sales were said to have been made, or the names of the purchasers, since evidential facts are unnecessary in an information.

Method of trial: *Objections should be ruled upon.* Proceedings to punish for contempt for violation of an injunction against a liquor nuisance are not to be tried as an equity hearing, but are criminal in their nature. Hence, receiving evidence without ruling on objections interposed thereto by defendant, is erroneous.

Evidence: .violation of injunction: *Record as evidence.* In proceedings to punish defendants for violation of an injunction against a liquor nuisance, admission of an unauthenticated copy of the judgment record in evidence, to establish the injunction, was error, since the only proof of an existing record is the record itself, or an authenticated copy thereof.

*Appeal from Mahaska District Court.*

Saturday, October 20, 1900.

CERTIORARI to test the validity of an order imposing fines and imprisonment for contempt for violation of an injunction restraining a liquor nuisance.—*Reversed.*

*B. W. Preston* for plaintiffs.

*Geo. W. Lafferty,* County Attorney, for defendant.

SHERWIN, J.—In 1897, by decree of the district court of Mahaska county, Judge Dewey, presiding, the plaintiffs were permanently enjoined from maintaining a liquor nuisance. Proceedings to punish them for contempt for its violation were begun and tried in 1899, before the defendant at chambers. The information forming the basis of the proceedings was general in its character, and did not specifically name the building wherein it was claimed the liquor was sold, nor did it give the names of those to whom sales were charged to have been made. Section 2407 of the Code, upon which the action was based, requires the setting out of the alleged facts constituting the violation of the injunction. The information recited the issuance of the injunction, the knowledge thereof of the defendants, and that they had sold and kept for sale, at different times since it was issued, intoxicating liquors. We think this was a sufficient compliance with the requirements of the statute. The legislature did not intend to require the setting out of the evidence upon which the proceeding must finally be determined.

Complaint is made in plaintiff's argument that an authenticated copy of the injunction was not presented to the judge before he issued his warrant for the arrest of the plaintiffs, as required by section 4372 of the Code. We very much doubt the applicability of this section to this proceeding, but, if it should govern in this case, it is not one of the grounds of complaint in the petition, and hence we do not determine it.

A fatal error, in our judgment, was the admission in evidence of an unauthenticated copy of the judgment record establishing the injunction. Either the record itself, or an authenticated copy thereof, was necessary to prove the very foundation of the action. We know of no rule of evidence which permits proof of a judgment record still in existence in any other way. We are unable to determine from the record before us whether the paper offered was a copy of the final judgment entry, or an original decree signed by the judge before it was entered in the proper record; but, if the latter, it would be nothing more than a form for the guidance of the clerk, and would not be the judment contemplated by the law. *Balm v. Nunn,* 63 Iowa, 641; *Case v. Plato,* 54 Iowa, 64.

Many other errors in the proceedings are claimed, but none are of sufficient importance to demand special notice. The trial judge treated the proceedings as in equity, and received the evidence without ruling upon objections thereto. The action was a criminal one in its nature, and we think the parties were entitled to rulings on evidence. The writ of *certiorari* is sustained, and the contempt proceedings annulled.—REVERSED.

GRANGER, C. J., not sitting.