GEORGE N. FERGUSON v. O. D. WHEELER, District Judge.        126 111
                                                           f144 302

**Punishment for contempt:** JURISDICTION. The district court of Pot-
tawattamie county sitting at Council Bluffs has jurisdiction to
enter an order of punishment for contempt in a case pending in
the same court at Avoca, in said county, where the parties stipulate
that the contempt proceedings shall be heard at that time and place.

**Contempt:** PROCEDURE: JUDICIAL NOTICE. An application to punish
for contempt may properly be made in a pending case, rather than
by an independent proceeding in the name of the State; and
the court will take notice of the records of prior proceedings in
the case without their introduction in evidence.

*Certiorari to Pottawattamie County District Court.*

WEDNESDAY, DECEMBER 14, 1904.

THIS is an action instituted in this court to determine
the legality of an order that the plaintiff pay a fine of $25,
and be imprisoned in jail for a period of one day, unless he
shall sooner return certain personal property to the owner
in accordance with the previous order of said court, and pay
costs of the proceeding.— *Dismissed.*

*Fremont Benjamin,* for plaintiff.

*George Bruington,* for defendant.

McCLAIN, J.— In an action in equity instituted in the
district court of Pottawattamie county, at Avoca, by James
Corse against George N. Ferguson, the plaintiff in this pro-
ceeding, an application was made to have Ferguson required
to appear for examination under oath as to whether he had
taken from certain real estate personal property which
formed a part of the same, and appropriated it to his own
use, said real estate having previously been found by decree

in the case to belong to plaintiff. In response to this application, it was ordered that Ferguson within ten days return to said premises the personal property described in the application, and that he be held to answer for contempt. Subsequently further application was made in the same case to enforce the decree as to certain portions of the personal property which it was alleged Ferguson had failed to return in accordance with the court's order, whereupon Ferguson filed his answer to such application, and the parties to the proceeding entered into a stipulation that the case be continued, and that the contempt proceedings " shall come before his honor Judge Wheeler, at Council Bluffs, Iowa, on the first day of March term of court, which convenes at Council Bluffs, Iowa, on March 25, 1902." The previous proceedings had been in the district court of Pottawattamie county, held at Avoca, Hon. N. W. Macy, district judge, presiding. By statute (Code, section 228) the district court of Pottawattamie county holds terms at Avoca as well as at Council Bluffs, the county seat. The case was not put on the docket of the court for hearing at Council Bluffs, but on the date named in the stipulation Judge Wheeler, holding the district court at Council Bluffs, proceeded to try the issue raised by the application and the answer thereto — both the parties appearing by their attorneys — and, after the introduction of the evidence, Ferguson having filed written objections in which he protested his inability to further comply with the order of the court as to the return of the property and challenged the right of the court to further proceed in the premises, an order was made finding that Ferguson had not returned certain portions of the property, and had disposed of the same contrary to the previous order in the equity proceedings and otherwise violated the court's orders, and that he be imprisoned in the county jail and pay a fine, as already stated.

The facts above set out are made to appear by return to the writ of *certiorari* sued out in this court, and the ques-

tions presented to us by the petition for the writ, are, first, whether Judge Wheeler had jurisdiction, holding the district court at Council Bluffs, to enter an order of punishment for contempt in the equity case pending in the same court at Avoca; and, second, whether the judge could on such hearing consider the record of the proceedings in the case at Avoca without such records having been introduced in evidence on the hearing at Council Bluffs.

I.    Counsel for plaintiff argues this case on the theory that Judge Wheeler, in the proceedings at Council Bluffs, was acting as district judge in vacation, and

1. PUNISHMENT FOR CONTEMPT: jurisdiction.

not as district judge holding the district court, and that the order made by him for the punishment of Ferguson for contempt was not effective until entered on the record of the district court at Avoca. But there is no merit in these claims. The district court for Pottawattamie county is the same court, presided over by the same judges, whether held at Avoca or at Council Bluffs; and, when the parties stipulated in the contempt proceedings pending in the court at Avoca that a hearing thereof should be had before Judge Wheeler at the term of the same court to be held at Council Bluffs, the hearing was properly had before the court, and not before Judge Wheeler in vacation, and the order made was the order of the district court, and not the order of Judge Wheeler. We cannot see how there can be any question as to the jurisdiction of the district court to proceed in the case at Council Bluffs after a stipulation had been made by the parties that the court should thus proceed. This is not a case in which the question arises whether jurisdiction can be conferred by consent. The court already had jurisdiction, and the stipulation related merely to the term of court at which the trial should be held. The parties were already in court, and appeared on the hearing, and each introduced his evidence. There was therefore no want of

jurisdiction, or irregularity of proceeding which would justify us in annulling the order made.

' II.   The application for an order to punish for con- tempt was made in the equity case already pending, and was properly made in' that action, and not as an independent action commenced in the name of the State. *Manderscheid v. District Court of Plymouth County,* 69 Iowa, 240.

**2. CONTEMPT:** procedure; judicial notice.

In this auxiliary proceeding the court properly took notice of the records of the prior proceeding in the case, and ' it was quite unnecessary to introduce such records in' evi- dence. *Jorden v. Circuit Court of Wapello County,* 69 Iowa, 177.

We reach the conclusion, therefore, that Judge Wheeler, holding a term of the district court of Pottawattamie county, . did not, in entering the order of punishment for contempt, exceed his proper jurisdiction or otherwise act illegally. Plaintiff's action is therefore *dismissed.*