FRANK HAAREN, Complainant, v. DAVID MOULD, Judge of the Woodbury District Court, Respondent.

JOHN STEVENSON, Complainant, v. Same Respondent.

**Intoxicating liquors:** CONTEMPT: JURISDICTION. The precept or warrant issued in contempt proceedings for the violation of an injunction in liquor cases is not essential to the courts jurisdiction; the power of the court is invoked by filing the information setting out the facts constituting the violation; nor is it essential to the jurisdiction of the court that an authenticated copy of the decree alleged to have been violated be attached to the information.

**Same:** OBJECTION TO JURISDICTION: RULING OF COURT. A failure of the court to promptly rule on objections to its jurisdiction in contempt cases, and to the evidence, is ground for reversal in

case improper evidence is admitted; but where the court withholds its ruling on objection to the jurisdiction and proceeds to the hearing, and after accused has declined to offer any testimony, and on its own motion the court sets the submission aside, overrules the objections and offers the accused an opportunity to submit his evidence, any error in failing to immediately overrule the objections is cured.

**Same:** JUDICIAL NOTICE.   While the court will not take judicial notice of its orders and judgments in an entirely different action, it will take such notice of proceedings in the same case or one identified therewith; as in a contempt proceeding to punish the violation of an order restraining the illegal sale of liquor, the court will take judicial notice of the injunctional order without formal offer or physical production of the same in evidence. And the rule is the same although the decree was entered at a term presided over by a different judge.

**Same.**   Judicial notice does not· depend upon actual knowledge of the judge, he is at liberty when the question arises to investigate and refresh his recollection by any means which he deems sufficient and proper.

## TUESDAY, OCTOBER 26, 1909.

ORIGINAL proceedings instituted in this court to review the acts of the respondent, as judge of the district court, in finding the complainants guilty of a contempt and assessing a penalty therefor.   The two cases are presented in a single record, and depend upon altogether similar facts.   Both will be disposed of in a single opinion.—*Dismissed.*

*T. P. Murphy,* for complainant.

*Jno. F. Joseph,* for respondent.

WEAVER, J.—The return of the respondent, to which alone this court must look for the facts in the case, shows that on April 4, 1908, one H. H. Sawyer filed in the office of the clerk of the Woodbury district court an information charging Frank Haaren, complainant, with con-

tempt of the authority of said court in the violation of
an injunction theretofore issued against him at the suit
of said Sawyer. A copy of the alleged decree was at-
tached to the information, showing that at the suit of
said Sawyer the said district court, Hon. John F. Oliver,
presiding, did on June 8, 1907, permanently enjoin and
restrain the said Haaren from the traffic in intoxicating
liquors contrary to law, at any and all places within the
Fourth judicial district of Iowa. Acting upon this in-
formation, the Hon. William Hutchinson, one of the judges
of said district court, issued a precept for the production
of said accused person before him or some other judge of
the same district for hearing and trial on said charge.
Said precept was made returnable on April 13, 1908, on
which date the said Haaren appeared before the said
district court, the Hon. David Mould, respondent herein,
being the judge presiding, and by agreement the hearing
on the contempt proceedings were continued until April
18, 1908. At the time so fixed a hearing was had before
said court upon the matters charged in the information,
the said Haaren being present and represented by counsel.
Before any evidence had been introduced, the said accused
objected to the jurisdiction of the court to entertain said
proceedings because the order or precept by which he had
been called into court to answer was issued by one of the
judges at a time when the court was in actual session.
Without ruling on the objection the court proceeded to
the hearing of the testimony offered on the part of the
informant. At the close of said testimony, the accused
offering no testimony ·in his own behalf, a submission of
the matter was taken. Thereafter, and before entering
any decision, the court on its own motion, and over the
objection of the accused, set aside the submission and made
an entry expressly overruling the objection to its jurisdic-
tion, and offered the accused opportunity to introduce evi-
dence in his defense if he desired to do so. Declining

the opportunity thus offered, the accused moved to arrest judgment against him on the following grounds:   (1) The proceedings were instituted before a judge, and not before the court, although the court was then in session.   (2) No authenticated copy of the alleged injunction was furnished to the judge or attached to the information.   (3) The proceeding was not entered on the calendar of the court, and no order issued by the court, the same being issued by the judge as in vacation.   (4) There is no evidence of any violation of an injunction, in that no record entry of the decree, or any authenticated copy thereof, has been introduced in evidence.   (5) There is no competent evidence showing the alleged acts by the accused.   The court denied this motion, and thereupon entered judgment, finding the accused guilty of contempt as charged, and ordering that he pay a fine of $200 and costs.   The respondent makes further return that the decree of injunction which the accused was found to have violated was entered by said court when presided over by Hon. John F. Oliver, judge, and that the record entry of said decree was not offered or presented in evidence on the hearing of the charge of contempt, but the court on said hearing, acting on its own motion, took judicial notice of said decree. The grounds upon which the writ of *certiorari* is sought to be sustained, and the judgment entered against the complainant herein annulled, are substantially those stated in the motion for arrest.

I.   The objection to the jurisdiction of the court is not well taken.   The precept or warrant by which the accused person is brought into court is not essential to the jurisdiction of the court to hear and try the charge of contempt.   The foundation of the proceedings—that which authorizes the court to act in the premises—is the information.   In the language of the Code (section 2407) the proceedings are "commenced by filing with the clerk of the court an in-

1. INTOXICATING LIQUORS: contempt: jurisdiction.

formation under oath setting out the alleged facts consti-
tuting such violation." The office of the precept, warrant,
or citation is to bring the accused into court, and give him
an opportunity to be heard in his defense. He may
waive the issuance or service of such process and appear
to the proceedings, and when once in court, he cannot
be heard to question its jurisdiction because of irregular-
ity in the issuance of the precept, if the information
be sufficient in form and substance and duly filed. *State
v. Thompson,* 130 Iowa, 227.

Nor is the failure to attach to the information a duly
authenticated copy of the decree alleged to have been vio-
lated a valid jurisdictional objection. It is true that in
the general chapter upon the subject of injunction (Code,
section 4372) it is provided that a judge in vacation may
issue a precept for the attachment of a person alleged to
have violated a decree, on being furnished an authenti-
cated copy of the decree and satisfactory proof of the
alleged violation of its provisions, and it may be that the
court or a judge thereof could, in the instant case, have
pursued the course here pointed out, but the Legislature
has seen fit to make special provision as to the procedure
for the trial and punishment of persons violating liquor
injunctions. See Code, section 2407, above cited. These
provisions do not include any requirement for attaching an
authenticated copy of the decree to an information charg-
ing its violation, and we think its omission is not fatal to
a court's jurisdiction to hear and pass upon the merits of
the charge. *McGlasson v. Scott,* 112 Iowa, 289.

II. It is argued that the record discloses fatal error
in the act of the trial court in declining to rule upon
the objection made by the accused to its
jurisdiction and to the introduction of evi-.
dence. It is the right of the accused to have
his objections ruled upon, and if that right
is not recognized, with the result that improper evidence

2. SAME:
objection to
jurisdiction:
ruling of
court.

is introduced to his prejudice, it would doubtless call for a reversal. *McGlasson v. Scott, supra.* But the record here discloses no error of this kind. The evidence offered was pertinent and competent. Moreover, the court, in reopening the case and entering its ruling upon the objections and giving the accused an opportunity to offer evidence in defense, sufficiently cured the irregularity, if any, in its prior action.

III. The one serious objection made by the complainant herein has reference to the omission by the informant to offer in evidence the decree alleged to have

3. SAME: judicial notice. been violated, and to the act of the court in taking judicial notice of such decree. It is fairly well settled that in the trial of a case the court is not authorized to take judicial notice of its records, judgments, and orders in another and different proceedings. *Baker v. Mygatt,* 14 Iowa, 431; *Enix v. Miller,* 54 Iowa, 551; *Loomis v. Griffen,* 78 Iowa, 484. But the court will take judicial notice of prior orders and proceedings in the same case without the necessity of any formal offer or physical production of the record in evidence. *Poole v. Seney,* 70 Iowa, 275; *Brucker v. State,* 19 Wis. 539; *Farrar v. Bates,* 55 Tex. 193; *State v. Olds,* 106 Iowa, 114; *State v. Stevens,* 56 Kan. 720, (44 Pac. 992); *Dines v. People,* 39 Ill. App. 565; *Bailey v. Kerr,* 180 Ill. 412, (54 N. E. 165); *Hollenbach v. Schnabel,* 101 Cal. 312, (35 Pac. 872, 40 Am. St. Rep. 57); *State v. Bowen,* 16 Kan. 475; 7 Ency. Evidence, 999. This has been interpreted to include the authority of a court in actions of a collateral character, and especially where the object or purpose of the proceedings is to enforce a judgment or decree entered in the principal case. *Conlee Lumber Co. v. Meyer,* 74 Iowa, 403; *Flood v. Libby,* 38 Wash. 366, (80 Pac. 533, 107 Am. St. Rep. 851); *Kelly v. Gibbs,* 84 Tex. 143, (19 S. W. 380, 563); *Olson v. Brady,* 76 Minn. 8, (78 N. W. 864). We have held that in garnish-

ment proceedings the court will take judicial notice of the judgment in the principal case. *Kenosha Stove Co. v. Shedd,* 82 Iowa, 544. It has also been held that contempt proceedings for the violation of an injunction against the unlawful traffic in intoxicants may be instituted and prosecuted under the title of the action in which the injunction issues. *Mandersheid v. District Court,* 69 Iowa, 240. While the charge against the complainant partakes somewhat of a criminal character, its purpose is simply to compel obedience to the order or decree entered in the main case, and it would be a strange limitation upon the power of the court if, when a party is charged with contemptuous disregard of its decree, it can act only upon the production of proof by the informant as to the existence and terms of such decree. In our judgment proceedings to punish contempt of an order or decree of the court are so far identified with the action in which the order or decree was entered that the court may take judicial notice thereof without proof or profert of the record. Such is the substance of our holding in *Jordan v. Circuit Court,* 69 Iowa, 181, and *Ferguson v. Wheeler,* 126 Iowa, 111. See, also, *State v. Jones,* 20 Wash. 576, (56 Pac. 369); *State v. Porter,* 76 Kan. 411, (91 Pac. 1073, 13 L. R. A. (N. S.) 462); *State v. Thomas,* 74 Kan. 360, (86 Pac. 499).

The case of *McGlasson v. Scott, supra,* is not an authority to the contrary. In that case the rule as to judicial notice was neither mentioned nor discussed, but the holding there was simply to the effect that the existence of a decree could not be established by the production of an uncertified copy. Nor is the rule any less applicable where the decree in question was entered at a term of court presided over by a judge other than the one presiding in the contempt proceedings. The court remains the same without regard to the identity of the judge.

Nor does the fact that the presiding judge may have

no personal knowledge or remembrance of the decree which has been violated in any manner prevent the application

4. SAME.
of the rule of judicial notice, for in such case the court will take cognizance of the true state of the record by referring to the proper books, documents, and other sources of information. *Clare v. State,* 5 Iowa, 509; *Gardner v. Collector,* 73 U. S. 499, (18 L. Ed. 890); *U. S. v. Cotton,* Fed. Cas. No. 15,958; *Hoyt v. Russell,* 117 U. S. 401, (6 Sup. Ct. 881, 29 L. Ed. 914). As has been said by the Minnesota court: "Judicial notice does not depend on the actual knowledge of the judges. When the fact is alleged, they must investigate, and may refresh their recollection by resorting to any means which they may deem safe and proper." *State v. Stearns,* 72 Minn. 200, (75 N. W. 210). This rule has the substantially uniform support of all the authorities upon the subject, and we can conceive of no more appropriate case for its application than the one presented by the record before us.

The trial court did not exceed its jurisdiction, nor otherwise act illegally in holding the complainant guilty of contempt, and the writ of *certiorari* is therefore *dismissed.*