CHARLES HAGEDORN, Plaintiff, v. J. B. ROCKAFELLOW, Judge, et al., Defendants.

INJUNCTION:  Knowledge Supplementing Writ.  An injunctional order
1   prohibiting a person from entering upon *unnamed* premises is binding on a defendant who has full knowledge of the order *and of the precise premises intended.*

INJUNCTION:  Violation, Etc.—Facts Constituting.  Facts reviewed,
2   and held to constitute·a violation of an injunction against entering upon or taking possession of certain premises.

INJUNCTION:  Violation—Form of Action.  Proceedings to punish the
3   violation of an injunction may be prosecuted in the name of the state.

INJUNCTION:  Violation—Unallowable Defense.  Pleadings setting up
4, 7  a defense to the main action are properly stricken in a proceeding for violation of the temporary injunction.

WITNESSES:  Cross-Examination—Exclusion of Indefinite Question.
5   It is not error, on cross-examination, to exclude a question as to matters which are wholly unidentified by the question.

WITNESSES:  Corroboration.  A witness who testifies that he did
6   interview a party on a certain matter may be corroborated by the testimony of other parties that said witness did go away for such purpose.

INJUNCTION:  Violation—Copy of Order.  A copy of the order of injunction
8   need not be attached to the information which charges a violation of such order.

*Certiorari to Shelby District Court.*—J. B. ROCKAFELLOW, Judge.

DECEMBER 31, 1920.

THE plaintiff, having been convicted of contempt of court in violating a writ of injunction, brought this action in certior-ari to review the proceedings.—*Affirmed.*

*Douglas Rogers,* for plaintiff.

*Thos. H. Smith* and *Ernest M. Miller,* for defendants.

LADD, J.—I.    Daniel Torpy owned the southeast quarter of the northeast quarter of Section 13, in Township 81 north,

1. INJUNCTION: knowledge supplementing writ.

Range 37, in Shelby County, and, learning that Charles Hagedorn was about to move there-on, sued out a writ of injunction, reading:

"You are hereby temporarily strictly enjoined and re-strained from entering upon or taking possession of said prem-ises or any part thereof, or of any of the improvements thereon, or from in any way interfering with this plaintiff in the pos-session and enjoyment of said premises and the improvements, either by himself or agent or any lessee of said premises, until the further order of our said court in the premises."

This writ, together with the original notice of the beginning of this action, was served on him January 19, 1920.    Though the land was not described in the writ, it was described in the ori-

2. INJUNCTION: violation, etc.: facts constituting.

ginal notice, and the evidence indicates that Hagedorn was fully aware of the premises in-tended, and that the writ of injunction had reference thereto.    See *Coffey v. Gamble,* 117 Iowa 545; *Carr v. District Court,* 147 Iowa 663.    When served, he had reached the house with team and family, but whether his furniture had been set up in the house was in controversy.    According to the weight of the evidence, his stoves and other furniture had been placed.    He had not occupied any other portion of the prem-ises, however, and he admitted that he subsequently purchased a cow and brought her on the premises; and it was fully proven that, when the wife of Henry Torpy, in substance, requested him to yield possession entirely, and afterwards in part, to Henry Torpy, to whom Daniel had leased the premises, he re-

fused, and informed her that no one could have possession until he was directed by his brother to yield the same.

In taking the cow on the farm, and in occupying the same otherwise than when served with the writ, he was violating the injunction. It will be observed that the restraining order was "from entering upon or taking possession of said premises, *or any part thereof,* or of any of the improvements thereon." This was without reference to who might be in possession thereof, and that was of no concern to Hagedorn. His duty was to obey; and, in extending his possession from the house to the entire premises, and also in taking the cow upon the same, he was violating the writ. Moreover, in excluding the lessee of Daniel Torpy from the premises, he was interfering with the plaintiff in the enjoyment of the premises other than the house, and therein was acting in violation of the writ.

II. The contempt proceedings were prosecuted in the name of the state. Though this might have been done under the title of the case in which the writ of injunction was issued (*Manderscheid v. District Court,* 69 Iowa 240), and

**3. INJUNCTION: violation: form of action.** being incidental thereto, that course has our approval, and there can be no objection to separately docketing, and prosecuting in the name of the state. *Fisher v. Cass County Dist. Court,* 75 Iowa 232; *Geyer v. Douglass,* 85 Iowa 93; *State v. Stevenson,* 104 Iowa 50, 52. The rule permitting the prosecution for contempt in the name of the state rests on the sovereign's interest in enforcing obedience to civil authority, and is not limited to any particular class, as liquor nuisance contempts.

III. In response to the information accusing Hagedorn of contempt of court, he filed an answer which, among other things,

**4. INJUNCTION: violation: unallowable defense.** pleaded to the merits in the main action. This portion of the answer was rightly stricken on motion. The issue was not whether the writ had been regularly or rightly issued, but whether Hagedorn had violated it. *First Cong. Church v. City of Muscatine,* 2 Iowa 69; *Jordan v. Circuit Court,* 69 Iowa 177; *Hatlestad v. Hardin County Dist. Court,* 137 Iowa 146. The rulings on admissibility are to be approved on the same ground.

IV. An affidavit by Daniel Torpy was attached to the in-

formation. The affiant testified orally, and, on cross-examination, was asked:

"Explain to the court why you did not include in that paper those matters you have testified to now." As the witness had testified at some length, and the "matters" were in no manner identified, there was no error in the ruling.

**5. WITNESSES: cross-examination: exclusion of indefinite question.**

V. Complaint is made of the introduction of the original petition and order for the issuance of a writ of injunction indorsed thereon. It is enough to say that no objection thereto appears to have been interposed. There was no error in receiving the testimony of Henry Torpy that his wife, accompanied by his brother, went to interview Hagedorn, as it tended to corroborate her testimony to that effect. The court, on motion, struck out such portions of the affidavit of Gus Hagedorn and Albert Johnson as bore on the merits of the case, and had no tendency to prove or disprove the violation of the terms of the writ of injunction. Even though no grounds were stated, there was no reversible error, for these matters might not have been taken into consideration in ascertaining the guilt of the accused.

**6. WITNESSES: corroboration.**

VI. Other errors in the rulings on the admissibility of evidence are disposed of by what has previously been said.

VII. As Hagedorn had filed his answer traversing everything alleged in the petition, he moved for a discharge on two grounds: (1) That the State was without authority to maintain the proceedings in its name; and (2) that the State was without interest in the prosecution. No ruling was made on this motion, and of this, complaint is made. As the motion must have been sustained, and, in any event, defendant proceeded with the trial, there was no prejudice. See *Haaren v. Mould,* 144 Iowa 296; *McGlasson v. Scott,* 112 Iowa 289.

**7. INJUNCTION: violation: unallowable defense.**

VIII. It appears that an authenticated copy of the injunction was not attached to the information when the precept for arrest was issued by the district court. This was not required. All exacted by Section 4372 of the Code is that an authenticated copy of the writ be furnished the judge; and there is nothing in the record

**8. INJUNCTION: violation: copy of order.**

to indicate that this was not done. Moreover, the precept was not issued by a judge in chambers, but by the court, and it must have taken judicial notice of its record. We discover no error in the record, and the judgment is—*Affirmed.*

WEAVER, C. J., STEVENS and ARTHUR, JJ., concur.