Tillie Buhai et al., Complainants, v. The West Side Trust and Savings Bank of Chicago et al., Defendants.

Edward Morris et al., Appellants, v. Edward Berkson, Appellee.

Gen. No. 38,023.

Opinion filed December 27, 1935. Rehearing denied January 7, 1936.

JOHN M. LEE, of Chicago, for appellants; THOMAS J. CARROLL, of Chicago, of counsel.

EDWARD BERKSON, of Chicago, *pro se.*

H. J. ROSENBERG, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court. This is an appeal by the respondents named in the petition filed by the receiver from an order entered in the circuit court of Cook county on December 5, 1934. This order recites that upon the motion of the receiver the court granted leave to the receiver to compromise

and cancel a note signed by Nate Frazen and Bessie Frazen for the principal sum of $15,000 and secured by a trust deed executed by them conveying the real estate therein described to the West Side Trust and Savings Bank, as trustee, and accept in lieu thereof certain bonds of the Home Owners' Loan Corporation, accrued interest and cash in the aggregate sum of $10,564.

The respondents, who appeared by their counsel, objected generally to the entry of this order. In the instant case the receiver was appointed by the court in a cause then pending wherein the complainants instituted suit against the West Side Trust & Savings Bank of Chicago and the named directors for an accounting for the loan of moneys wrongfully invested and for profits made by the use of the trust fund conveyed to the bank by Samuel Weiss, now deceased, under the terms of a trust agreement wherein the complainants were named as beneficiaries. To this action there were also named as defendants the auditor of public accounts of the State of Illinois and the receiver named for the bank and in possession of the bank's assets, which bank has since failed and closed its doors.

Among other charges in the bill of complaint it appears that some of the funds were invested in a mortgage note of $15,000, executed by Nate Frazen and Bessie Frazen, secured by a trust deed to the West Side Trust & Savings Bank, as trustee, upon the premises located at 7953 Essex avenue, Chicago, Illinois; that said investment was improper, among other reasons, because at the time of the purchase of said mortgage note, said premises at 7953 Essex avenue, Chicago, Illinois, were not worth in excess of $12,500, and that no reservations had been made for the payment of the general taxes for the years 1929 and 1930. The bill further charges that the directors of the bank had knowledge of and acquiesced in the purchase of the

real estate bonds and mortgage for said trust estate and had knowledge that the purpose of the trustee in purchasing the bonds and mortgages for said trust estate, was the gain and profit said bank would derive.

In the original proceeding, on motion of the complainants, the court directed that the receiver of the bank deliver to the receiver in this proceeding the bonds, cash and assets in said trust estate, and authorize this receiver to collect interest on all the bonds and mortgages, and to grant extensions of said mortgages and bonds as he deemed advisable.

Thereafter on December 4, 1934, this receiver filed his petition under oath, in which he states in substance that he holds as assets of the estate a certain mortgage in the amount of $15,000 and interest note in the sum of $450, executed by Nate and Bessie Frazen, and which became due on June 15, 1933; that the notes were secured by trust deed; that the general taxes on said property for the years 1930, 1931, 1932 and 1933 amount to approximately $1,601.70; that there is an instalment of special assessment in the amount of $102.70, all due and unpaid; that the owners of the property, Nate and Bessie Frazen have applied to the Home Owners' Loan Corporation for a loan to refinance their indebtedness; that the corporation would make a loan in the sum of $12,475; that the owners have executed their mortgage note and mortgage to said corporation for $12,462, and that there is available $10,564 to refund the mortgage held by the trustee as assets of said trust estate, and that in the opinion of the petitioner it would be to the best interest of all parties to receive $10,564 in bonds in exchange for said mortgage. The respondents, the former directors of the West Side Trust & Savings Bank, objected to the entry of the order. However, they did not file an answer or offer any evidence upon the question involved. They admit that the court had jurisdiction

to advise receivers appointed by the court in receivership administration and was vested with power to authorize this receiver to compromise claims, but contend that there was no showing which would warrant the court in directing by its order that the receiver compromise the amount involved by accepting an amount to be paid by the Home Owners' Loan Corporation which would result in $5,000 loss.

From this record it appears that the note signed by the Frazens and secured by a trust deed to the bank conveying title to the real estate to secure the payment of this note is only of the value of $12,500; that the note itself had matured, and that there were unpaid taxes for several preceding years.

The mortgagors themselves being in distress, applied for a loan under the terms of the Home Owners' Loan Corporation Act of 1933.

The respondents' contention is that the court did not hear evidence before allowing the order to be entered in this case, and therefore erred. The facts as far as they appear from this record are not contradicted and the court takes judicial notice of the verified bill filed in this case, and from the facts stated the order entered was warranted. *Bailey v. Kerr,* 180 Ill. 412.

This court will indulge in the presumption that where nothing appears in the proceedings as to whether proof was heard or not, the trial court considered proof necessary to sustain the order. The respondents contend, however, that notwithstanding the presumption, such presumption does not prevail when the order itself indicates the court considered only the verified petition and arguments of counsel. The court was fully justified when it considered not alone the receivership petition under oath, but also the verified bill of complaint and the rights of the several parties, and then entered the order in question.

These respondents did not by their objection specify to the court any grounds upon which they relied, and

it is apparent from this record that the respondents for the first time pointed out the several grounds upon which they believed the court erred. This cannot be done. Unless objection is made specific enough to advise the court, it cannot be raised here in this court for the first time. The order appealed from is affirmed.

*Order affirmed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.